Maurice Wahl, J.
This proceeding was brought pursuant to article 7-A of the Real Property Actions and Proceedings Law by the tenants of 155 Riverside Drive to complain of and remedy certain dangerous conditions existing on the premises which they alleged in their petition to be as follows: passenger elevator not in proper working order; general lack of adequate heat and hot water caused by defective boiler and radiators; roof leaks permitting water to flow into building causing severe damage; exposed electrical wiring, et al.
*239 After trial this court found for the tenants and appointed an administrator to collect the rents due and to use these moneys to correct the dangerous conditions alleged in the article 7-A petition filed by the tenants and proved on trial.
Before the court at this time is a motion brought by the respondent landlord requesting the court to direct the administrator to reimburse the landlord out of the rents the administrator has collected for the moneys the landlord has expended to pay the real estate taxes, the sewer and water charges and the mortgage interest and amortization payments due on the property.
The motion is in all respects denied. The moving landlord misconstrues the thrust of article 7-A of the Beal Property Actions and Proceedings Law. The court construes the legislative and purpose (Beal Property Actions and Proceedings Law, § 770) is to cure the evils allowed to prevail and to cure the conditions mentioned. Nowhere does the Legislature provide that a court appointed administrator shall pay the carrying charges for the offending owner violating the law. Here the movant has been found to be such a person. The rents collected are to be strictly applied to the uses that are allowed (§§ 770, 776 provide that such collected rents shall be applied and used to * ‘ remedy the condition * * * alleged in the petition”). Payments of taxes, mortgage interest and amortization (which increases the owner’s equity) are not conditions complained of by the tenants in the instant petition. In this aspect of the situation, it differs from a foreclosure action, where an owner may or the mortgagee may require the receiver of the rents to pay and cure the defaults under the mortgage. Here the Legislature specifically mandated the application of the rents.