Irving S. Aronin, J.
This is a motion instituted by the owner and the first mortgagee of a multiple dwelling, to direct the Administrator appointed pursuant to article 7-A of the Beal Property Actions and Proceedings Law by order dated June 27, 1969, to obtain an indorsement of a fire insurance policy in the sum of $200,000, which policy lists the Administrator as beneficiary, to cover the interest of the said owner and first mortgagee, said indorsement to be effective as of the date of issuance of the said policy, and for a further order restraining the said Administrator from collecting the funds payable under said policy for a fire loss until the afore-mentioned indorsements are in effect.
Although not specifically labeled as a cross motion, but constrained to be treated as such, is the relief requested by the Administrator to enjoin the owner and the first mortgagee from obtaining any proceeds under any existing fire insurance policies naming them as beneficiaries for the fire loss sustained, and for a direction to the Administrator to receive the funds payable for the fire loss and to use said funds to rehabilitate the apartments damaged in the fire.
This court is presented with a novel situation under article 7-A of the Beal Property Actions and Proceedings Law. A brief outline of the facts of this matter would be beneficial. Pursuant to article 7-A of the Beal Property Actions and Proceedings Law, this court has jurisdiction when one third of the tenants of a multiple dwelling in the City of New York institute a proceeding to render a judgment directing the deposit of rents of all tenants into court to be used for the purpose of remedying conditions dangerous to life, health and safety existing in the real property involved. This proceeding is further directed against any lienor of the premises. The court, in implementation of this relief, has the right to appoint an Administrator, a person other than the owner or the mortgagee or lienor, to administer the rent moneys or securities deposited with the Clerk subject to the court’s direction. The Administrator so appointed is authorized, in accordance with this article, to order the necessary materials, labor and services to remedy the condition specified in the judgment and to make disbursements in payment thereof.
*803 In "the instant case, the Administrator after being appointed, procured an insurance policy in the sum of $200,000, naming himself as beneficiary, insuring the premises against loss by fire. The subject premises sustained a fire loss damaging a portion of the premises, and the estimated loss is approximately $10,000.
The owner and the first mortgagee contend that pursuant to the said article 7-A, the funds payable as a result of a fire loss do not inure to the Administrator and cannot be used by the Administrator since the article refers specifically to rents and security as the funds to be used. The Administrator contends that funds recovered as the result of a fire loss can be used to rehabilitate the premises and that if the relief sought by the owner and first mortgagee is granted, article 7-A would be rendered impotent in contravention of the legislative intent which brought this section into being.
It therefore becomes necessary to look at this article in its entirety and to determine what the legislative findings and intent were.
Article 7-A was passed in 1965, chapter 909, and was effective July 17, 1965. The preamble to this article set forth that there existed in the City of New York multiple dwelling conditions which endangered the life, health or safety of the occupants. It was further found that additional enforcement powers were necessary to compel the correction of such conditions and in order to compel the correction of such conditions and to increase the supply of adequate, safe and standard dwelling units, the shortage of which constituted a public emergency and was contrary to the public welfare, the Legislature passed the aforementioned article.
It would, therefore, appear that it was the legislative intent to judicially police the conditions dangerous to life, health and safety of the occupants of any multiple dwelling in the City of New York.
In the case of Matter of Himmel v. Chase Manhattan Bank (47 Misc 2d 93), article 7-A of the Real Property Actions and Proceedings Law was found to be constitutional, and a remedial statute that was intended to be liberally construed. The court stated in that case that in applying the statute “ a liberal construction which will inure to the public benefit and in furtherance of the public interests, such as nondangerous housing facilities, the safety or health conditions, should be indulged in.”
In Kahn v. Riverside Syndicate (59 Misc 2d 238, revd. on other grounds 34 A D 2d 515), a landlord’s petition requesting that the Administrator be directed to reimburse the said land *804 lord for money expended to pay real estate taxes, sewer and water charges and mortgage interest and amortization payments was denied. This was cn the basis that there was no statutory authority for court appointed administrator to pay carrying charges for an offending owner guilty of violations of law.
Therefore, the court reasoned that rents collected were to be strictly applied to “ remedy the condition,” and the payment of taxes, mortgage interest and amortization (which increases the owner’s equity) is not to be condoned.
It would appear that the legislative intent as judicially determined in the Kahn case {supra), was to deny to an owner or lienor of premises turned over to an Administrator pursuant to article 7-A, the right to have any funds realized in the operation of the premises turned over to said owner or lienor. The funds are to be earmarked strictly to correct the conditions complained of and to restore the premises to a habitable condition.
There is no question that the relief afforded under an article 7-A proceeding is a grave remedy and not to be lightly imposed. However, once decreed because of the existence of conditions dangerous to life, health and safety of the occupants, the will of the Legislature to effect judicial policing of such depressed premises is not to be readily thwarted nor is the increasing of the equities of defaulting owners or mortgagees to be permitted.
The assertion of the owner and mortgagee that the article refers solely to rents and security is untenable. The Legislature in its wisdom contemplated the use of other funds that may come into the hands of an Administrator. In section 776 of the said article they invested the court with the right “ granting such other and further relief as to the court may seem just and proper,” to cover such situations.
No defaulting owner or mortgagee is entitled to nor can he expect to be unjustly enriched once the relief and remedies of this article are imposed.
Interestingly, the moving parties herein have a right under section 777 of the said article, and subsequent to a court determination denying them the proceeds from the property, to come forth and remove or remedy the conditions specified in the petition. This they have failed to do in the matter herein.
Article 7-A was not intended to afford any delinquent owner an increase of his equity and this holds true as to funds obtained as the result of a fire loss. These funds are to be used to correct the existing conditions and to render the premises habitable.
*805 The motion of the owner and first mortgagee is denied and they are not to collect any funds under any of the fire policies involving the premises herein. The Administrator is directed to collect any and all funds under his fire policy herein and/or any other fire policies and to use the same to rehabilitate the premises being administered.