Charles B. Lawrence, J.
This is a summary proceeding for nonpayment of rent brought by an administrator appointed pursuant to article 7-A of the Real Property Actions and Proceedings Law. The only issue that remains to be decided is whether respondent, who is a recipient of public assistance, can interpose as a defense section 143-b of the Social Services Law, commonly known as the Spiegel Law, through the Department of Social Services appearing in her behalf as amicus curiae.
*102 The issue presented comes about because the tenants in the article 7-A proceeding sought and obtained an order granting broad powers to petitioner herein, as a brief review of the article 7-A proceeding will disclose.
The housing accommodation involved herein is located in a building containing 63 dwelling units. In November, 1970, 33 of the tenants (of which respondent herein was one) petitioned this court under Index No. L&T 66410/1970 for a judgment directing that the rents due and to become due be deposited with the court to be used to remedy conditions alleged to exist at the building which were dangerous to life, health, and safety. The conditions complained of included a lack of adequate hot and cold water, defective wiring, leaking water pipes, a broken boiler, broken radiators, defective and inadequate plumbing, rat infestation, and numerous other hazardous conditions, and also included approximately 50 violations of record against the building. As required by statute (Real Property Actions and Proceedings Law, § 771) the owner, the mortgagee, and the other lienors of record were made parties to the proceeding, and the mortgagee interposed an answer therein. At the trial which ensued, it was stipulated and consented to by the parties on the record in open court that a final judgment as prayed for be granted, and that the petitioner herein be appointed administrator to collect the rents.
Pursuant to the said stipulation, on December 8,1970, an order prepared by the attorney for the tenant-petitioners was made and entered in the article 7-A proceeding appointing the petitioner herein as such administrator, and further providing, among other things, as follows:
“ Ordered that the said administrator be and he hereby is directed to demand, collect, and receive * * * from the tenants in possession of said premises or any portions thereof, or other persons liable therefor, all rents now due and unpaid or hereafter to become due and that said administrator be and he hereby is authorized * * * to institute and prosecute suits for the collection of rents now due and hereafter to become due and summary proceedings for the removal of any tenant or tenants or other persons therefrom; and it is further
“ Ordered, that the tenants in possession of said premises * * * be and they are hereby directed, until further order of the Court, to pay over to the said Administrator and to no other person all rents of the said premises now due and unpaid or thereafter to become due and unpaid ’ ’.
Said order further authorized petitioner herein from time to time to rent or lease for terms not exceeding two years any part *103 of the premises; to keep the premises insured against loss or damage by fire, and in repair; to use the rents to the extent necessary to remedy all violations and the unsafe conditions set forth in the petition; and to enter into contracts for the materials, labor and services, and for all work necessary to remedy the unsafe conditions. It required him to file a surety company bond in the sum of $60,000, which he promptly filed, and to account to the court when the unsafe conditions had been corrected.
From all of the foregoing it is apparent that the tenants and other parties in the article 7-A proceeding, by their agreements and stipulation and the order obtained therein, chartered their own course in seeking ways and means to correct the unsafe conditions, and to that end clothed the petitioner herein with broad powers, including authority from the court to maintain summary proceedings.
In the instant proceeding respondent nevertheless seeks to interpose the Spiegel Law as a defense. (It is not disputed that some of the violations which existed at the time of petitioner’s appointment as administrator still exist at the premises, although petitioner asserts that he has installed a new boiler and made other repairs.)
Respondent cannot prevail in her defense, upon several grounds. Most obviously, it is inconceivable that the Legislature intended that the Spiegel Law be interposed as a defense against an administrator appointed pursuant to article 7-A of the Real Property Actions and Proceedings Law. The Spiegel Law, enacted in 1962, was aimed at landlords who have been exploiting tenants who are welfare recipients by failing to make necessary repairs and neglecting to provide necessary services. (See L. 1962, ch. 997, § 1.) In providing for an abatement of the rent of welfare tenants while hazardous violations exist, the thrust was against landlords who have monetary interests and who seek to realize profits by neglecting their buildings and failing to provide the tenants with services and repairs. One of the grounds cited by the Court of Appeals in upholding the constitutionality of the Spiegel Law was that the State may, in the exercise of its police power, provide for the curtailment of rent payments to landlords as a means of inducing them to eliminate dangerous housing conditions. (Matter of Farrell v. Drew, 19 N Y 2d 486, 492.) Certainly an article 7-A administrator has no pecuniary interest in the rents, and the withholding of rents would be no inducement to him, other than to resign his appointment. If he were to be deprived of the rents he could make no repairs or improvements in the premises, and the whole pur *104 pose of article 7-A would be defeated in contravention of the legislative intent which brought it into being.
Article 7-A, enacted in 1965, was intended to provide a means by which one third or more of the tenants of a multiple dwelling in New York City containing hazardous conditions could cause the rents to be channeled into court to be used exclusively to repair and improve the building. It has been held that a landlord cannot obtain reimbursement from an article 7-A administrator for money expended to pay real estate taxes, water and sewer charges and mortgage interest and amortization as the statute contemplates that the rents paid to the administrator will be used exclusively for repairs and improvements. (Kahn v. Riverside Syndicate, 59 Misc 2d 238, revd. on other grounds 34 A D 2d 515.)
If an article 7-A administrator cannot compel the payment of rent, who would ever be found to accept the task? He is asked to take over the administration of a building containing conditions dangerous to life, health or safety. To remedy the conditions he must enter into contracts for boiler repairs, for plumbing repairs, to provide fuel for heat and hot water, to provide light and for exterminator services to eliminate infestation. Who would ever assume these obligations if he cannot collect the rents to pay for these services? How would he obtain a bond? It is obvious that if the administrator is to be cast in the same position as the offending landlord whom he supersedes, then article 7-A would be impotent, which was certainly not the intent of the Legislature.
Moreover, serious constitutional questions could be raised if the court first divested the owner of all control of his building in an article 7-A proceeding and, having done so, then permitted the tenants who are receiving public assistance to claim an abatement of rent based upon violations against the building. Under such circumstances the criteria upon which the Spiegel Law was held to be constitutional would not exist. (See Matter of Farrell v. Drew, 19 N Y 2d 486, supra.)
Moreover, it would seem that the order of December 8, 1970, entered in the article 7-A proceeding, became the law of the case, and is binding upon respondent in the instant proceeding. Certainly she should not be permitted to collaterally attack that order which directed the tenants to pay their rent to petitioner and authorized him to bring summary proceedings to compel such payment. If petitioner is not performing his duties as administrator with due diligence, or if there be other just cause, the tenants are not without a remedy. They can seek his removal by appropriate motion in the article 7-A proceeding, and they *105 would have recourse to the surety company bond in the sum of $60,000, which he has posted.
While this proceeding was brought to recover several months’ rent, respondent produced upon the trial proof that she had paid the rent demanded herein, except the rent due for the month of May, 1971, to a third person under such circumstances that the petitioner agreed to credit her with such payments and pursue the third person for the rent so collected. Thus only the rent due for May 1971, in the sum of $102 remains unpaid.
For the reasons set forth herein, the court finds that petitioner is entitled to a final judgment in the sum of $102, with costs. Issuance of the warrant will be stayed for ten days, as petitioner has indicated his consent thereto.