*123 OPINION OF THE COURT
Bernard Fuchs, J.
Movant is Shirley Boden, the administrator appointed on March 21, 1973 by order of this court under article 7-A of the Real Property Actions and Proceedings Law. He moves to set aside the settlement of a claim for fire damage made with the insurer by the mortgagee, the Hudson City Savings Institution, under the mortgagee’s fire insurance policy. An alternative motion is to require the mortgagee to make restitution to the administrator for the reasonable cost of repairs involved in the claim.
On December 11, 1974, some 20 months after the administrator’s appointment, there was a fire at the premises. The cost of repairing the fire damage was $5,000. The mortgagee, however, settled with the insurer for $2,300 and applied its recovery in reduction of the mortgage, remitting nothing to the administrator.
The insurance policy in question was maintained by the mortgagee which alone paid the premium. The mortgage antedates the article 7-A judgment by nearly a decade. It provides that the mortgagor will insure the premises for the mortgagee’s benefit (which the mortgagor apparently failed to do in the present case). The terms of the mortgage include an option of the mortgagee to apply insurance proceeds in reduction of the mortgage debt if it chooses not to release the funds recovered for repairs.
The administrator’s argument for the relief demanded is that the mortgagee’s retention of the insurance proceeds was "contrary to the provisions of article 7-A”. This it is argued is because, deprived of those proceeds, the administrator had to repair the fire damage by using a portion of rent income which he could not then use to correct the conditions specified in the judgment.
Article 7-A provides a remedy for tenants of multiple dwellings which are in a condition dangerous to life, health or safety when one third or more of them join in the petition. The remedy, which was granted in the present case, is to require tenants to deposit rents with the administrator appointed by the court (prior to a 1974 amendment it was the clerk of court). The administrator is then to use the rents for the work specified in the judgment to correct the dangerous conditions.
*124 Nothing in article 7-A imposes any duty on a mortgagee, or indeed on an owner, to insure the property for any purpose, let alone for the purposes of the administrator. There is, however, a reference to insurance in the 1974 amendment to section 778 (eff Sept. 1, 1974) which covers the administrator’s authority and duties.
The first item in the order of priority set forth in section 778 for disposition of funds held by the administrator is payment for work specified in the judgment. Before that work is paid for however, there are three other necessities which the administrator may satisfy. Those are payment for ordinary repairs and maintenance, fuel bills and fire and liability insurance.
The Legislature was thus careful to provide the administrator with means to protect the rents from diversion to fire damage repairs. He could freely have applied funds coming into his hands to acquire fire protection even before paying for work specified in the judgment. The statute which spells out this authority took effect more than three months before the fire. And if the administrator doubted his authority before then, he could always have applied to this court for an order granting it.
From the correspondence included as exhibits to the parties’ papers, it appears that the administrator relies on Pack v Loremady Realty Corp. (65 Misc 2d 801), and Kahn v Riverside Syndicate (59 Misc 2d 238, affd App Term, 1st dept, Aug. 14, 1969, revd on other grounds, 34 AD2d 515 mot for lv to app dsmd 27 NY2d 724). In Kahn the court held, in substance, that rents or other funds properly in the administrator’s hands could not be diverted from the purposes for which the judgment was rendered to satisfy tax and mortgage obligations of the owner. That decision has no bearing here. The issue in the present case is whether article 7-A requires the mortgagee, in effect, to substitute the administrator as beneficiary of the mortgagee’s insurance policy.
In Pack v Loremady Realty Corp. (supra), the administrator had procured the insurance, naming himself as beneficiary. The court denied a motion of the owner and first mortgagee to require that the administrator obtain a policy endorsement covering their interest and to restrain his collection of the proceeds payable for a loss until the endorsement took effect. Instead the court directed the administrator to collect the proceeds and apply them to rehabilitate the premises.
*125 The decision in Pack sustained the administrator’s authority to preserve rental income for application to the requirements of the judgment. It rejected interference with the administrator’s recovery of insurance proceeds under the administrator’s own policy.
The present case presents the opposite side of the coin from Pack. It is the mortgagee, not the administrator, which was insured and collected under its policy. The present administrator did not exercise his authority to protect rents by acquiring fire insurance.
There is no competition here for a fund in which both mortgagee and administrator have a legal interest. No other conflict appears to frustrate the administrator’s recovery under his own policy (as in Pack) or any policy endorsed to cover the administrator’s interest or indeed the interest of the owner with or without endorsement of coverage for the mortgagee’s interest. The last two types of case may require separate analysis. (See, e.g., Real Property Law, § 254, subd 4.)
A grant of the relief demanded here would announce a State policy to prevent insurance against fire hazards by a mortgagee of its interest in any property subject to an article 7-A judgment even when, as here, the insurance in no way impairs the administrator’s functioning. For no mortgagee could expect to benefit from such coverage while the judgment is in effect and none would therefore acquire it. This court is not aware of any such policy and is not ready to promulgate it. Motion denied.