OPINION OF THE COURT
Jay Stuart Dankberg, J.
Considering the stringent standards which the court requires petitioning tenants to meet prior to appointment of an RPAPL article 7-A administrator, to grant the complete relief requested in the instant motion would result in a court-appointed fiduciary being — as wrote English poet Francis Quarles 350 years ago (Emblems, Book II, emblem 13 [1635])— "discharged, perchance, with greater ease than made.”
In this special proceeding — originally instituted in 1983 pursuant to RPAPL article 7-A by various tenants of 526 West 139th Street, Manhattan — one Rose Edwards, purchaser of the *228 building (for $100 at a Referee’s foreclosure sale in 1983), has moved for an order permitting her to intervene as a party respondent (CPLR 401). Upon such intervention, she also requests an order discharging the 7-A administrator and authorizing "full possession, control and management of the subject premises to the owner”.
Assuming, arguendo, that the court has the jurisdiction to order the removal of a 7-A administrator after rendering the judgment of appointment (cf. RPAPL 777 [a]), research has disclosed a paucity of reported cases on the subject of potential discharge of an administrator.
For the reasons that follow, the court grants that branch of the motion which seeks an order permitting intervention. However, as there is a scarcity of sufficient specificity in the supplied submission to support superannuation of the 7-A administrator, the balance of the requested relief is denied.
INTERVENTION
Intervention in an action or special proceeding may be permitted when a person’s claim or defense and the main action or proceeding share common questions of law or fact. Further, where such intervention will not unduly delay determination of the proceedings or prejudice a substantial right of any party, the court may allow such a person to intervene (CPLR 1013).
Here, Rose Edwards, as purchaser of the building after the proceeding was commenced (albeit two years prior to her motion for permission to intervene), has a sufficient claim and interest in the subject premises to warrant intervention. Moreover, based upon the entire submission, it appears that her interest in this proceeding is equal to, if not greater than, the interests of each individual petitioner. Any future decision by this (or any other) court with respect to the 7-A administrator will have a common effect on the interests of the parties to this proceeding, and the owner should be one of the parties.
Finally, since allowing Ms. Edwards to intervene will neither unduly delay this two-year-old special proceeding nor prejudice a substantial right of any of the present parties, it is plain that the first branch of the motion should be, and is, granted.
7-A REMOVAL
Rose Edwards also moves to obtain an order discharging the *229 7-A administrator, appointed by order of this court, dated April 6, 1983. She thereby requests that management and control of the subject premises be turned over to her.
As authority for this branch of the motion, she refers to CCA 110 (c) in conjunction with RPAPL 777. These two statutes, when read together, permit the Housing Part to remove a 7-A administrator, movant claims. In this regard, Ms. Edwards notes three cases — (Swallow v Schnipper, NYLJ, Sept. 21, 1984, p 14, col 4 [App Term, 2d & 11th Dists]; Mercer v 944 Marcy Ave. Holding Corp., 92 Misc 2d 564 [Civ Ct, Kings County 1977]; Cole v Westlong Investors Corp., 64 Misc 2d 933 [Civ Ct, NY County 1970]) — for the proposition that, while the RPAPL does not provide for the removal of a 7-A administrator, there is inherent jurisdiction in the court to remove an administrator it previously appointed.
The only statute in this regard is RPAPL 777 (a), which authorizes an order permitting an owner (and specified others) to perform the needed work only "in lieu of rendering judgment”. Thus, at first blush, once a judgment of 7-A appointment was entered, there would appear to be no statutory authority enabling an owner (and others with an economic interest, e.g., a mortgagee) to obtain an order of discharge, perform needed work or participate in any other "normal” ownership activity.
However, note must be taken of the Appellate Division, Second Department, decision in McGovern v 310 Riverside Corp. (49 AD2d 949 [1975]). There, it was held that "noneconomic viability” of a building was a basis to discharge a 7-A administrator. While that ground is not asserted in the instant application, the case supports movant’s position regarding the ability of the court to remove a previously appointed 7-A administrator (see also, 940 St. Nicholas Ave. Tenants Assn. v Dixon, NYLJ, May 20, 1985, p 13, col 5 [App Term, 1st Dept]).
In opposition to this branch of the motion, petitioners refer to Department of Hous. Preservation & Dev. v St. Thomas Equities Corp. (128 Misc 2d 645 [App Term, 2d Dept]). They assert this case provides that the court should not discharge a 7-A administrator absent " 'a prima facie showing that the reason for the appointment no longer exists. In other words, the movant would have to demonstrate to the trial court that repairs have been made or essential services provided and that there is a plan for the continued maintenance of the *230 building. In the absence of such a showing, a court would be remiss in granting a motion seeking the discharge of the Administrator since "a grant of the relief requested would place the property in a state of abandonment to the great detriment of the tenants” ’ ” (128 Misc 2d, at pp 649-650, quoting Swallow v Schnipper, supra).
Of course, where the parties to the proceeding all consent to the relief of the 7-A administrator, the court may approve the release (Cole v Westlong Investors Corp., supra).
However, absent proof either that the administrator’s management of the premises would be less effective in removing violations of record than the owner’s potential management, or that it would be in the public interest to remove the administrator and place control and management in a new owner, the court should not, in the exercise of discretion, remove an appointed 7-A administrator (CCA 110 [c]; see also, 940 St. Nicholas Ave. Tenants Assn. v Dixon, supra).
Such is the court’s opinion since "relief afforded under an article 7-A proceeding is a grave remedy and not to be lightly imposed * * * once decreed * * * [the legislative intent] to effect judicial policing of such depressed premises is not to be readily thwarted” (Pack v Loremady Realty Corp., 65 Misc 2d 801, 804 [Civ Ct, Kings County 1971]).
In the present motion, in the absence of a demonstration of any substantive prior or present ties to the subject building; without proof of financial resources to make repairs (and pay taxes, etc.); lacking a detailed financially secure plan to clear the many violations of record; and free from any personal pecuniary undertaking other than a mere $100 used to purchase the building, Ms. Edwards has not shown sufficient reason to disturb the status quo — an experienced administrator who has been running the building during the two years that have passed since she purchased the property at a Referee’s foreclosure sale. It is noted that during these two years, Ms. Edwards did not make any application to provide repairs, purchase fuel, pay for "common area” electric use, or assert any other possible accouterment of "normal” ownership of a multiple dwelling.
There is, indeed, language in the moving papers regarding a promise to provide future repairs. In this regard, the otherwise bare affidavit of Rose Edwards (the only affidavit submitted in support of the motion), states only: "I am fully prepared to put up a bond and expend whatever monies are necessary *231 from both the rent role [sic] and out of pocket [emphasis supplied] * * * to effectuate repairs of the remaining violations as follows: a) Any remaining 'C’ violations within thirty days * * * b) Any remaining 'B’ violations within sixty days * * * c) Any remaining 'A’ violations within ninty [sic] days of the entry of the order herein.”
No copy of any bank account, check book, loan commitments), etc., are annexed regarding her claimed ability to spend moneys "out of pocket”. No statement is made regarding the magnitude of the rent roll. No description is given of the number, age or type of violation alleged to be "remaining”. No contract with any repairman is annexed; no affidavit from any repairman has been provided.
Other than Office of Code Enforcement violations (a branch of the Buildings Department — called "C”, "B” and "A” in descending degree of severity), no mention is made of other municipally issued violations that may relate to the habitability of a multiple dwelling (e.g., the rest of the Buildings Department [structural and elevator violations]; Fire, Police, Health [i.e., Bureau of Pest Control regarding rats] Departments; Environmental Protection Department [smoke or fumes from boiler system, garbage improperly bagged so as to encourage rats, mice and vermin]).
Obviously, her bare statements, without more, do not meet any burden of showing with any degree of certainty that Rose Edwards has the requisite financial resources or intent to provide needed repairs and — as a private owner, subject to real estate taxes, water bills, possible mortgage payments, etc. —satisfy her other pecuniary obligations. Of course, mere conclusions, without specific factual allegations, will not suffice. One must supply facts to a court when asking the judiciary to exercise discretion vested in it to appoint or remove a fiduciary. Discretion cannot be employed based upon mere surmise, bare conjecture or pure suspicion. Factually unsupported, nonspecific conclusory allegations will obtain no relief (Garrison Fuel Oil v Grippo, 127 Misc 2d 275 [County Ct, Nassau County 1985]; see also, 940 St. Nicholas Ave. Tenants Assn. v Dixon, supra).
In addition to the above, Ms. Edwards has not provided proof that the 7-A administrator has not performed his duties in an efficient and effective manner. In fact, the administrator has filed affidavits in opposition to this motion from some inhabitants of the building indicating a lack of their consent *232 to his potential removal (Cole v Westlong Investors Corp., supra).
Thus, movant has neither demonstrated that it would be in the perceived best interest of the building nor in the public interest to remove the 7-A administrator and turn management and control of the premises over to her.
Rose Edwards, moreover, has failed to construct a prima facie showing that the reasons for the original appointment of the administrator no longer exist (Department of Hous. Preservation & Dev. v St. Thomas Equities Corp., supra; Swallow v Schnipper, supra). Court-ordered inspections of the entire premises, dated July 2 and August 19, 1985, indicate the continued existence of violations of record which the administrator must remove. *
One final point. Rose Edwards, in her affidavit indicated — as supposed proof of her ability, experience and competence to manage the subject premises — her personal participation as an officer in the Tenants’ Association at 508 West 139th Street (just down the street from the subject premises, 526 West 139th Street). As president and treasurer of the Tenants’ Association from 1979 through 1980, she asserts, she had the responsibility of managing that property. Supposedly, therefore, her argument continues, she can take proper care of the instant premises. However, the court has examined the courtroom CRT computer screen (as of Sept. 10, 1985) regarding 508 West 139th Street. Prima facie judicial notice is taken of the accuracy of the Housing Code Violations listed thereon (Multiple Dwelling Law § 328 [3]). The screen listed various, serious Building Code violations dating back to 1971 and which had not been certified as having been corrected (see, Administrative Code of City of New York § D26-51.01 [f] [7], for a presumption that an uncertified violation has not been corrected). This type of prima facie evidence does not persuade this court that Ms. Edwards will be at all — much less than more — effective than the current administrator in removing Housing Code violations from the subject premises. Ms. Edwards’ experience, then, is not a sufficient reason to disturb the status quo (Pack v Loremady Realty Corp., 65 Misc 2d 801, 804 [Civ Ct, Kings County 1971]).
Therefore, for the reasons above stated, the motion by Rose Edwards is granted only to the extent of allowing her to intervene in this proceeding; otherwise, it is denied.