OPINION OF THE COURT
Herman Cahn, J.
This is an action for a declaratory judgment setting the rights of the parties pursuant to a lease entered into between them. Plaintiff moves for summary judgment, and defendant cross-moves for identical relief.
By lease dated January 5, 1977, plaintiff let the fifth and sixth floors at 318 West 39th Street, New York, N.Y., to defendant, for a term ending on April 30, 1980. Paragraph “39” of the lease grants defendant an option to extend the term for an additional two-year period at the same rental, “provided written notice is given to the landlord at least six months prior to the end of the lease, i.e., notice no later than October 31, 1979.”
The issue presented is whether defendant complied with said provision.
On June 1, 1978 this court appointed a receiver of the premises in issue, in an action entitled “Thomas H. Lawrence, Jr., plaintiff, against Court Tower Corp., et al. de *452 fendants”, index number 9092/1978. The receiver notified defendant of her appointment, and directed that defendant and the other tenants in possession attorn to her and her agents. She thereupon appointed agents, who then effectively managed the property until the end of October, 1979. Said agents collected the rent from plaintiff and otherwise acted in the way that the owner of the property would normally act.
Defendant claims that it gave written notice to the receiver’s agent on October 2, 1979, and that this complied with the lease requirements for exercising the option to renew.
On October 30, 1979 the attorney for the plaintiff in the foreclosure action wrote a letter to defendant here advising that the foreclosure proceeding was terminated, and that rents were to be paid to plaintiff. Said letter was apparently received after the end of October, 1979.
On January 29, 1980, defendant gave additional written notice of its intention to exercise the option to plaintiff’s principal.
The major issue of law to be determined is whether the notice allegedly given to the receiver’s agent on October 2,1979 was sufficient to exercise the option. Plaintiff argues that it was not, since it was not given to the “landlord”, as required by the lease. This is a novel question, as to which the court has found no reported cases.
Section 224 of the Beal Property Law which codifies the doctrine of attornment provides in pertinent part as follows:
“The attornment of a tenant to a stranger is absolutely void and does not in any way affect the possession of the landlord unless made either: * * *
“2. Pursuant to or in consequence of a judgment, order, or decree of a court of competent jurisdiction; or”.
The language of the order appointing the receiver directed the tenants in possession to attorn to the receiver. Attornment is defined as “the act of the tenant putting a person in the place of another as the landlord. The tenant who has attorned continues to hold upon the same terms *453 as he held of his former landlord.” (Austin v Ahearne, 61 NY 6, 15.)
The facts herein are a classic example of attornment, within the ambit of subdivision 2 of section 224 of the Real Property Law.
Pursuant to an order of this court, defendant did attorn to the receiver and a landlord-tenant relationship was created between them. Defendant had all its dealings with the agent for the receiver, and for all purposes, the receiver stepped into the shoes of the landlord and assumed its duties and responsibilities.
Therefore, as a matter of law if the defendant sent a written notice to renew the lease to the agent for the receiver, such notice was, proper and effected an exercise of the renewal option, which is binding on the landlord. The order creating the receivership effectively terminated the relationship, albeit temporarily, between the plaintiff as landlord and defendant as tenant. Just as payment of rent to the receiver’s agent was a valid payment of rent, so the giving of the notice to the agent, was a valid act.
Although the order appointing the receiver authorized her to rent or lease the premises only for a term not exceeding one year, under these circumstances, it was the tenant that exercised a valid option to renew, and extend the lease for a two-year period. Such two-year renewal lease did not involve an affirmative act on the part of the receiver and therefore was not beyond the powers given her by this court’s order.
Plaintiff however denies that defendant gave the written notice to the receiver’s agent. Said issue is hereby referred to Trial Term, Part 7, for assignment, to hear and report (with recommendations). Pending receipt of the report final determination of these motions is held in abeyance.
Counsel are directed to file a conformed copy of this order with the office of the referees, room 308-M, 60 Centre Street, New York, N.Y., within five days after publication hereof for the purpose of obtaining a calendar date.