■ DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK et al., Respondents, v FRANCES SARTOR, Appellant. — Order of the Supreme Court, Appellate Term (Dudley, P. J., Hughes and D. Sullivan, JJ.), entered November 22, 1983, which modified a judgment of the Civil Court, Bronx County (Trussel, H. J.), entered June 14, 1982, is reversed, on the law and facts, to the extent appealed from, without costs and the matter remanded to the Civil Court, Bronx County, for an assessment of damages in accordance with the decision herein.

Respondent tenant Sartor moved into the subject apartment house in The Bronx in December 1980. At the time respondent moved in, an administrator appointed pursuant to RPAPL article 7-A was managing the building. In December 1981 the petitioner city took ownership of the building.

In January or February 1981, there was a problem with water leaking from the tenant's bathroom ceiling. Although an attempt was made to repair the leak, such repair did not last more than a few weeks. By June of 1981, the leak had caused the ceiling to crack and fall into the tub. The ongoing accumulation of debris in the bathtub prevented the tenant from using it and compelled her to travel to a friend's home to bathe.

In February 1982, the petitioners, Department of Housing Preservation and Development, City of New York (HPD), the landlord, and Andrews Housing Development Fund, the lessee, brought this summary proceeding in Civil Court, Bronx County, to recover the tenant Sartor's apartment on the ground of nonpayment of rent. Respondent answered alleging, *inter alia,* a breach of the warranty of habitability by both the city and the 7-A administrator.

After trial, the Civil Court entered a judgment in favor of the landlord for $783.75. Although the court found a breach of the warranty of habitability, it granted no abatement of rent on the ground it was not available against either the city or the 7-A administrator. The Appellate Term modified this judgment by granting the tenant's breach of warranty of habitability claim against the City of New York but affirmed the denial of any abatement against the administrator.

To the extent that the Appellate Term denied relief against the 7-A administrator, we reverse and hold that the warranty of habitability statute, Real Property Law § 235-b, includes tenants paying rent to administrators appointed under RPAPL article 7-A.

Section 235-b (1) provides in pertinent part: "In every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety."

The trend in case law has been to interpret this section to include *all* tenants under its protective umbrella. Thus, in *Suarez v Rivercross Tenants' Corp.* (107 Misc 2d 135), the Appellate Term, First Department, applied section 235-b to cooperative apartments. In *City of New York v Rodriguez* (117 Misc 2d 986), the same court applied section 235-b to the City of New York, as landlord, as it did in the instant case. This court, in *Park W. Mgt. Corp. v Mitchell* (62 AD2d 291, 296, *affd on other grounds* 47 NY2d 316), held the statute to apply even to leases signed prior to its enactment. Finally, the Civil Court, in *Geffner v Phillips* (123 Misc 2d 127), applied section 235-b to an article 7-A administrator.

It is clear from the unequivocal language of the statute, and the broad application of its protective mantle by the cases which

have applied it, that section 235-b excludes no residential tenant and includes all persons and entities as "landlords".

The Appellate Term noted that when at least one third of the tenants have recourse to article 7-A (RPAPL 770 [1]), they have "made an election." Although such a waiver may be void (*see,* Real Property Law § 235-b [2]), there is no need for us to resolve that issue at this time. Within the City of New York, *either* one third of the tenants *or* the city's Department of Housing Preservation and Development can petition for the appointment of a 7-A administrator and, here, HPD *alone* petitioned for such appointment. The respondent did not even move into the building until more than a year after the administrator's appointment.

The Appellate Term asserts in its decision that the article 7-A administrator "has no pecuniary interest in the rents." However, the order appointing the administrator herein authorized a fee of "5% of the monthly rents actually collected." Thus, the administrator has an incentive to make diligent efforts to repair any condition giving rise to a breach of warranty of habitability claim reducing the amount on which the fee is calculated.

The Appellate Term was concerned also that granting tenants a rent abatement against 7-A administrators would reduce the funds available to them to make repairs. However, this argument is equally valid for not allowing any abatement against the city qua landlord (*cf.* Comment, *The Warranty of Habitability as Applied to New York City In Rem Housing: A Premature Promise,* 50 Brooklyn L Rev 1103).

While superficially appealing, this position discriminates basically against lower-income tenants. It would, in effect, force these tenants not only to subsidize the cost of their own housing (which appears fair) but also to pay for housing which they are not receiving. If creating a fund to upgrade the housing stock from the unabated rents of tenants is the desideratum (*see, The Warranty of Habitability,* 50 Brooklyn L Rev 1103), then the Legislature is the proper arena to effect such a public policy change. We are, however, bound by the plain language of section 235-b which, as noted, includes *all* tenants.

Since the measure of damages herein against the 7-A administrator may differ from that in a building not subject to article 7-A (*see, Geffner v Phillips, supra,* at p 130), and since the period of time in which there was an administrator may have involved better (or worse) conditions in the subject apartment, we remand for an assessment of such damages. Concur — Murphy, P. J., Asch and Bloom, JJ.; Kupferman, J., dissents and would affirm on the opinion at Appellate Term.