(August 25, 1988)

■ In the Matter of MURRAY SCHACTMAN, Respondent, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Appellant.—Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered March 27, 1987, which granted the petition to the extent of remanding the matter to respondent to determine if the owner of the subject premises is financially solvent so that the tenant is assured of receiving the refund of rent overcharges from the owner or, in the event the owner is not financially sound, whether it is necessary to order that the entire amount of rent overcharges be offset against future rents paid, unanimously reversed, on the law, and the petition dismissed, without costs.

RPAPL article 7-A enables one third or more of the tenants in a building or the Department of Housing Preservation and Development to petition the Civil Court for a judgment directing the deposit of rents into court and their use for the purpose of remedying conditions dangerous to life, health or safety (RPAPL 769) and the court is authorized to appoint an administrator who is authorized to demand, collect and receive the rents from the tenant. Section 778 sets the following priorities for disposition of such rents: payment in full for all of the work specified as necessary to correct the dangerous conditions; a reasonable amount for the administrator's services; payment of outstanding real property tax and emergency repair liens filed by the city; and, payment to the owner of any surplus remaining thereafter.

On or about March 1, 1982, a complaint was filed with respondent's predecessor, the Conciliation and Appeals Board (CAB), charging that the tenant of apartment 17 at 66 West 10th Street, in Manhattan, was being charged rent in excess of the amount allowed under the Rent Stabilization Law.

On May 1, 1983, while the tenant's complaint was still pending, petitioner was appointed by the Civil Court as the administrator of the building pursuant to RPAPL article 7-A. Thereafter, on January 18, 1985, the District Rent Administrator found an overcharge, established the base rent for the apartment, directed petitioner to roll back the rent to the stabilized amount and to refund to the tenant any excess rent

paid since May 1, 1983 when petitioner took over the management of the building.

In the event such refund was not made before the next month's rent became due, the tenant was to credit any overcharges against the rent due. The District Rent Administrator further found that, absent any evidence of collusion between the present and former owners, the obligation of the present owner to refund rent overcharges was limited to such overcharges actually collected by him and that his order was issued without prejudice to the tenant's right to pursue her claim for overcharges against the owner in a court of competent jurisdiction.

On February 15, 1985, petitioner filed a petition for administrative review (PAR) asserting that respondent Division of Housing and Community Renewal (DHCR) exceeded its jurisdiction in finding him, as an article 7-A administrator, liable for the overcharge.

The PAR was denied in a decision and order issued January 27, 1986 in which DHCR found that petitioner is considered the owner of the subject building as that term is defined in section 2 (h) of the Code of the Rent Stabilization Association of New York City, Inc., i.e., a person receiving or entitled to receive rent for the use and occupancy of any dwelling unit or an agent of the owner. It further found without merit petitioner's assertion that all income from the subject building must be used to rehabilitate the existing structure before such funds may be "diverted" to, for example, rent overcharge refunds to tenants who have been remitting a rent in excess of stabilized guidelines, since this would force the tenants to subsidize the cost of their own housing (citing *Department of Hous. Preservation & Dev. v Sartor,* 109 AD2d 665). Finally, it found, *inter alia,* that a rent-stabilized tenant is not required to pay an unlawful rent even if the article 7-A administrator's funds would thereby be reduced and that "[t]o determine otherwise would destroy the very foundation of the stabilization system which was created 'to insure that the level of rent adjustments authorized under (the ETPA) will not be subverted and made ineffective' " (citing *Matter of Century Operating Corp. v Marrero,* 103 Misc 2d 37, *affd* 78 AD2d 777).

This CPLR article 78 proceeding followed in which petitioner, as he did before the DHCR, contends that as an article 7-A administrator, he is accountable only to the court that appointed him; that, therefore, respondent is without authority to direct him to disburse moneys he collects in a manner

contrary to the priorities established by RPAPL 778; and, that the court must instead direct the owner to refund any rent overcharges.

While the court below found that the agency's order was supported by the statutory language and was not contrary to law, it held, nonetheless, that the order was arbitrary and capricious because it made the article 7-A administrator liable without first considering whether the building's owner is financially solvent so that the tenant is ensured of receiving the refund. "[A] far more desirable result", it opined, "would be that the refund come from the owner out of the profits he [has] already obtained from the building." The court concluded that, when DHCR accepted the administrator as the owner of the building, it foreclosed this possibility and that ordering the owner to make such refund would only be appropriate if the owner is financially solvent so that the tenant is ensured of receiving the refund.

We disagree. Contrary to the lower court's statement, respondent's order does not exonerate the owner from wrongdoing. In fact, its initial order specifically found that, absent any evidence of collusion between the present and former owners, the obligation of the present owner, i.e., the article 7-A administrator, was limited to such overcharges actually collected by him.

It is well settled that respondent's construction and interpretation of the statute and its own regulations are entitled to great weight (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229, 232, affd 61 NY2d 976) and a reviewing court, even if it might have decided the matter differently, were it in the agency's position, may not upset the agency's determination in the absence of a finding that such determination has no rational basis (Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72, 76, affd 66 NY2d 1032).

Clearly, the authority of the article 7-A administrator to receive and administer rent moneys, pursuant to RPAPL 778, must be read to apply only to moneys lawfully collected. In the instant case, it is undisputed that petitioner collected rents in excess of the amount permitted by the Rent Stabilization Law. Petitioner's claim that granting tenants a rent abatement against article 7-A administrators would reduce the funds available to them to make repairs has previously been rejected by this court in Department of Hous. Preservation & Dev. v Sartor (109 AD2d 665, 667, supra), which held that tenants in buildings managed by article 7-A administra-

tors are entitled to rent abatements for breaches of the warranty of habitability. The same rationale would apply to tenants who have been subject to rent overcharges since they should not be forced to pay or be denied a refund of illegal rents paid in order to subsidize the repairs required to be made by the article 7-A administrator, who stands in the shoes of the owner for that purpose.

Rather than limiting its review to the basic issue presented by petitioner, i.e., DHCR's jurisdiction and power over article 7-A administrators, the court expanded its inquiry into the question of the owner's solvency. However, it appears that DHCR's determination is well conceived to enable victims of rent overcharges to promptly obtain refunds of such overcharges collected by the article 7-A administrator. To enlarge the proceeding, as the court below directed, would needlessly prolong the administrative proceeding and would be unlikely to speed any recovery of rent overcharges from the owner by either the tenant or the article 7-A administrator. Concur—Murphy, P. J., Kupferman, Wallach and Smith, JJ.