■ MOHAMMED I. OBAYDOU, Respondent, v LINDA UJVARI, Also Known as LINDA LOUEY, Appellant. REGINA OBAYDOU, Respondent, v WILLARD LOUEY, Appellant.—Order of the Su-

preme Court, New York County (David H. Edwards, Jr., J.), entered December 21, 1987, which consolidated an action by plaintiff-respondent Mohammed Obaydou against Linda Louey with one by plaintiff-respondent Regina Obaydou against Willard Louey and denied a motion by the Loueys for summary judgment dismissing the actions by the Obaydous, unanimously modified, on the law, to the extent of granting summary judgment to the defendants, dismissing the third, sixth and seventh causes of action, and otherwise affirmed, without costs.

This action concerns two apartments in the same building in Manhattan sold separately by the Loueys (the Sellers) to the Obaydous (the Buyers).

Because the contracts of sale are identical in all material respects and there are common questions of law and fact, consolidation was warranted.

There are seven causes of action. In the first, the Buyers allege that the Sellers had reconstructed the apartments without the approval of the cooperative corporation and without conforming to applicable statutes and ordinances and that the Buyers would not have purchased except for reliance on statements by the Sellers that the alterations conformed.

The second cause of action alleges that the Sellers refuse to restore the apartments to their original condition.

The third cause of action, which we now dismiss, alleges that the Sellers had agreed to install new toilets. However, there is no provision with respect thereto in the contract of sale, and parol evidence would be prohibited. (*Moloney v Weingarten,* 118 AD2d 836, *lv denied* 69 NY2d 608.)

The fourth cause of action sounds in fraud as to representations that the alterations were in conformity with applicable requirements.

The fifth cause of action is for breach of express warranty.

The sixth cause of action is for breach of implied warranty. There being no authority for the proposition that an implied warranty of habitability runs from the seller of an existing co-op apartment to the buyer, we dismiss this cause. (*Compare,* Real Property Law § 235-b; *Department of Hous. Preservation & Dev. v Sartor,* 109 AD2d 665, 666.)

Finally, the seventh cause of action, which we also dismiss, seems to allege a combination of fraud, breach of warranty and breach of contract. These are adequately pleaded elsewhere and make this cause redundant. Moreover, a cause of action for fraud does not arise when the fraud charged is the

breach of contract. *(Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607, *appeal dismissed* 65 NY2d 637.)* Concur—Kupferman, J. P., Sullivan, Milonas and Ellerin, JJ.