OPINION OF THE COURT
David B. Saxe, J.
A receiver was appointed in this foreclosure action by order *1012 dated April 19, 1994. The order contained the standard provision that the tenants pay all rents over to the receiver, and a notice to attorn was duly served. The receiver now moves for a further order compelling the tenants to turn over all past due rents, and if such rent arrears are not paid, authorizing these tenants’ eviction, without prejudice to any claims the tenants may be entitled to bring directly against the fee owner. I note that to the extent he seeks a direction to attorn, such direction is already contained in the prior order. The new relief sought here is really a conditional grant of a writ of assistance.
Various tenants raise claims of breach of warranty of habitability; in addition, at least one tenant claims that her rent has been set at an illegal level. They seek to assert these claims as defenses to the receiver’s claim of nonpayment.
It is the receiver’s position that the tenant’s defenses do not lie as against the receiver, although they are preserved as against the fee owner.
The receiver relies on a ruling in another case in which he was involved, where he claims the court granted the identical relief sought here, and the Appellate Division affirmed (see, Home Sav. Bank v 137 Duane St. Assocs., 197 AD2d 368 [1st Dept 1993]). However, as the tenants note, that decision does not specifically hold that the tenants have no right to assert habitability claims against a receiver. Indeed, no appellate authority has been found which squarely states that the warranty of habitability defense does not lie as against a receiver in a foreclosure action.
Adopting the rule suggested by the receiver would essentially remove habitability defenses from tenants any time the building in which they reside became subject to foreclosure. This would constitute a fundamental alteration in the law. Currently, as a rule, receivers regularly obtain permission to bring nonpayment proceedings in landlord-tenant court, where habitability defenses are in fact raised and litigated (see, RPAPL 721 [9]; 743; 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 39.17, at 629 [3d ed]; 3 Rasch, New York Landlord and Tenant — Summary Proceedings § 43.21, at 115 [3d ed]). Furthermore, Real Property Law § 235-b, which codified the warranty of habitability, reflects a broad policy to protect all residential tenants. "It is clear from the unequivocal language of the statute, and the broad application of its protective mantel by the cases which have applied *1013 it, that section 235-b excludes no residential tenant and includes all persons and entities as 'landlords’ ” (Department of Hous. Preservation & Dev. v Sartor, 109 AD2d 665, 666-667 [1st Dept 1985]). Applying that reasoning, the Appellate Division in Sartor (supra) held that a warranty of habitability defense lies as against a 7-A administrator. It would clearly represent a conflict with this policy to carve out an exception with regard to court-appointed receivers.
Such a fundamental alteration of the law should not be accomplished by an unstated, implicit assumption underlying a ruling. Therefore, I conclude, as did the court in Bankers Fed. Sav. v 247 W. 11th St. Owners Corp. (NYLJ, June 5, 1991, at 22, col 6 [Sup Ct, NY County, Evans, J.]), that habitability defenses are appropriately raised as against a receiver’s claim for rent arrears.
Those matters in which this court previously granted relief similar to that sought by the receiver either did not involve substantiated claims of a habitability defense, or else a hearing on those defenses was ordered (see, De Santis v White Rose Assocs., 152 Misc 2d 567; Kanbar v Ka Wah Bank, NYLJ, Apr. 22, 1994, at 22, col 3).
Accordingly, the receiver’s motion is denied, without prejudice to commencement of nonpayment proceedings in the Civil Court, which the court hereby authorizes.