(February 25, 1997)

■ FOURTH FEDERAL SAVINGS BANK, Plaintiff, v 32-22 OWNERS CORP. et al., Defendants. A/C ELECTRIC CORP. et al., Nonparty Appellants; ARTHUR GERWIN, as Receiver, Respondent. [653 NYS2d 588] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered July 11, 1995, granting the receiver's application, in a foreclosure proceeding, to compel nonparty commercial and residential tenants to pay accrued and current rent upon pain of eviction, modified, on the law, to the extent of denying the application as to residential tenants, and otherwise affirmed, without costs, and the matter is remanded for further proceedings not inconsistent with the decision herein.

Plaintiff Fourth Federal Savings Bank commenced an action in May 1994 against defendant 32-22 Owners Corp. to foreclose on a mortgage secured by a lien on property located at 32 East

22nd Street in Manhattan. Supreme Court appointed a receiver in foreclosure and authorized the receiver, *inter alia*, to collect rents from the building's five tenants. Each tenant holds a lease which expires in June 2008; two are commercial tenants, two residential, and one with a loft authorized for use for a business purpose. Those tenants, appellants herein, claimed that the premises were in grossly inferior condition; that the building's elevator was inoperable, its roof leaked, and other problems abounded; and that the building's landlord, and the court-appointed receiver who succeeded to the landlord's duty to operate the building, had breached the warranty of habitability owed to the tenants. The tenants also claimed to have expended more than $50,000 of their own money in repairs to the building, and that the landlord of the property is a mere corporate shell, no longer conducting business. The record indicates that, but for the month of April 1995, the tenants have declined to pay rent since the appointment of the receiver in August 1994. Responding to the receiver's motion for a "writ of assistance" to compel the payment of rents, Supreme Court issued a decision in June 1995 which rejected the tenants' claims and found that the receiver was an officer of the court rather than an agent of the owner or mortgagor; that the receiver must look to rental payments to operate and to preserve the property; and that the tenants may not withhold rent payments. In July 1995, the court issued an order compelling payment of past rent due on pain of eviction from the premises. The tenants appealed.

The receiver has argued that he is not bound by the claims under warranty of habitability because this motion and order were made in the context of a foreclosure action, rather than in a landlord-tenant proceeding before the Civil Court. This procedural nicety, the receiver alleges, protects him from the obligation of a landlord to fulfill the warranty of habitability under the lease. To assuage the claims of injustice under this view, the receiver has argued that the tenants may recover under the warranty of habitability against the landlord in a separate proceeding.

In our judgment, this is a skewed perspective of the matter at hand. The warranty of habitability, set forth in Real Property Law § 235-b, is a fundamental feature of the lease of residential property, and assures that the duty to maintain the premises in a habitable condition is coextensive and interdependent with the duty to pay rent (*Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 327, *cert denied* 444 US 992). The fact that responsibility for such maintenance shifts to the receiver dur-

ing a foreclosure proceeding by court order of attornment does not alter this interdependence. As a general matter, attornment is "the act of the tenant putting a person in the place of another as his landlord. The tenant who has attorned continues to hold upon the same terms as he held of his former landlord" (*Austin v Ahearne*, 61 NY 6, 15 [emphasis deleted]). Moreover, the receiver in foreclosure occupies the same position as the owner or mortgagor for a variety of purposes (*see, e.g., Canale v New York State Dept. of Taxation & Fin.*, 84 Misc 2d 786); in the absence of fraud, the terms of a landlord's rental agreement with a tenant binds a receiver in foreclosure (*Bank for Sav. v Shenk Realty & Constr. Co.*, 265 App Div 72). Finally, the receiver has a legal duty to maintain the property in good repair and is liable for damages for the failure to meet that duty (General Obligations Law § 9-101); the responsibility to make repairs necessary to comply with the warranty of habitability in this case (elevator repair, roof repair, and the like) is fully consistent with that duty.

The terms of the court's order appointing the receiver in this matter also support the view that the warranty of habitability claim should be considered in this foreclosure action. That order required the receiver to "make repairs necessary to the preservation of the property" and to give priority to "the correction of immediately hazardous and hazardous violations of housing maintenance laws". It also provided for, *inter alia*, the purchase of "fuel for heating said premises and supplying hot water to the tenants thereof", thereby implicitly presuming the operation of an adequate heating system. Further, the order expressly contemplated the incurring of obligations in excess of the money in the receiver's hands, forbidding such obligations "without the prior approval of the Court". The court, of course, may order the person who applied for the receiver—in this case, plaintiff bank—to pay for necessary expenditures in cases where the receiver lacks the funds to do so (CPLR 8004 [b]). No doubt it would be more convenient for the receiver, and for the bank which caused his appointment, if such necessary repairs were funded by rents paid by the tenants. But as this Court has noted, such a view would lead to the inequitable result of compelling tenants to advance funds for housing which they are not receiving (*Department of Hous. Preservation & Dev. v Sartor*, 109 AD2d 665; *Matter of Schactman v State Div. of Hous. & Community Renewal*, 143 AD2d 53, *lv denied* 73 NY2d 707). A tenant who is not obliged to pay rent to a landlord for uninhabitable premises (*Park W. Mgt.*

*Corp. v Mitchell*, 47 NY2d, at 327, *supra*) is, in our view, likewise spared from paying that same rent to another party.*

The fact that the receiver's motion has been made in the context of a foreclosure action and denominated a motion for a writ of assistance, rather than in the form of a summary proceeding before the Civil Court, is irrelevant. We see nothing in section 235-b which reflects a legislative intent to limit its application to a particular forum or proceeding; nor are we aware of any statutory or policy barrier to the consideration of such a defense by Supreme Court in the context of a foreclosure proceeding, so long as all necessary parties are represented. Indeed, the court's order appointing the receiver in the instant matter empowered him to "institute and carry on all legal proceedings necessary for the protection of the premises", including "summary proceedings for the removal of any tenant or tenants or other persons" from the property. This language, apparently authorizing the receiver to commence summary eviction proceedings against unwelcome tenants in the Civil Court (where the warranty of habitability defense could be raised), dispositively addresses the claim that such collateral concerns are incompatible with the interests of speedy resolution of foreclosure proceedings. The fact that the receiver chose not to commence a separate proceeding, but instead sought a writ of assistance, does not relieve the Supreme Court of its judicial obligation to give the tenants a fair hearing on the habitability issue. As the receiver has noted in his brief, the order here appealed is an exercise of Supreme Court's equitable authority and oversight over the receiver. In our view, one can hardly imagine a remedy less equitable than one which permits eviction of residential tenants under a lease without resolving facially valid claims of uninhabitability.

Courts which have expressly addressed this issue in the past have largely agreed that the warranty of habitability claims may be raised against a receiver (*Apple Bank for Sav. v One Arden St. Assocs.*, 165 Misc 2d 1011; *Gomez v South Williamsburg Better Hous. Corp.*, 129 Misc 2d 542; *Yanowitz v Sanchez*, NYLJ, May 5, 1983, at 11, col 1 [App Term, 1st Dept]), even in the context of a foreclosure proceeding (*Bankers Fed. Sav. v 247 W. 11th St. Owners Corp.*, NYLJ, June 5, 1991, at 22, col 6 [Sup Ct, NY County]). Likewise, we have held that the protective mantle of Real Property Law § 235-b should be broadly applied against all persons serving the administrative role of

---

* In any event, the building's commercial tenants would not be protected under the warranty of habitability in this case, and would presumably be obliged to pay rent to the receiver under the court's July 1995 order.

landlord (*Department of Hous. Preservation & Dev. v Sartor*, 109 AD2d 665, *supra*). Nothing in the language of our decision in *Home Sav. Bank v 137 Duane St. Assocs.* (197 AD2d 368, *appeal dismissed* 82 NY2d 888, *lv denied* 83 NY2d 755) compels the plainly unjust deprivation which the receiver here seeks. In light of the practical problems faced by the receiver in operating a building while rents are withheld, the court should address warranty of habitability claims with the utmost expedition. But address them it must. Concur—Murphy, P. J., Wallach and Williams, JJ.

Andrias, J., dissents in a memorandum as follows: I would affirm.

Inasmuch as it is undisputed that, except for one payment on April 6, 1995, rents have not been paid on the premises since August 1994, the IAS Court properly directed all persons in possession to comply with its prior order appointing the receiver and directing them to attorn and pay rent and arrears to such receiver.

As the majority points out, a tenant who has attorned "continues to hold upon the same terms as he held of his former landlord" (*Austin v Ahearne*, 61 NY 6, 15 [emphasis deleted]). Upon such attornment, a landlord-tenant relationship is created (*see, Court Tower Corp. v Miss Silver Co.*, 106 Misc 2d 451, 453). However, here we have no attornment and thus no conventional landlord-tenant relationship. Absent such relationship, i.e., one created by agreement between the parties, no summary proceeding for non-payment of rent may be brought (*see*, Rasch, New York Landlord and Tenant—Summary Proceedings §§ 1180, 1181 [2d ed]) and the receiver's only remedy is to ask the court to enforce its order directing attornment or to issue a writ of assistance.

Thus, the court properly refused to permit the tenants to assert warranty of habitability claims as a defense to the enforcement relief sought in this foreclosure action (*see, Home Sav. Bank v 137 Duane St. Assocs.*, 197 AD2d 368, *lv denied* 83 NY2d 755 [where this Court, without specifically addressing them, rejected identical claims in a similar foreclosure action]).

Appellants' reliance upon *Department of Hous. Preservation & Dev. v Sartor* (109 AD2d 665) is misplaced inasmuch as the court-appointed fiduciary there brought a separate Civil Court summary non-payment proceeding against rent-regulated residential tenants wherein warranty of habitability claims were properly asserted as a defense. Such claims would also be available to any residential tenants in any summary proceeding commenced against them; however, such a defense is not avail-

able to commercial tenants in any event and such proceeding is not available to a receiver where the persons in possession have failed or refused to attorn.

Therefore, on the present record, any possible warranty of habitability defenses should not bar the court from ordering payment of rent and arrears by all persons in occupancy. Without such funds, which he holds for the benefit of the mortgagee, the receiver would have no funds to maintain or effect any repairs to the premises and the court's mandate would be frustrated.