■ 103rd Funding Associates et al., Plaintiffs, v Salinas Realty Corp. et al., Defendants. Legal Aid Society et al., Nonparty Appellants; Ravi Batra, as Receiver, Nonparty Respondent. [714 NYS2d 47] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered September 28, 1999, which (1) denied the tenants' motion for the appointment of an administrator pursuant to RPAPL article 7-A; (2) granted the nonparty respondent receiver's cross motion for a loan for the premises for up to $100,000; (3) ordered The Legal Aid Society to turn over to the receiver all rent money being withheld on behalf of the tenants and enjoined Legal Aid from withholding any additional rent; (4) authorized the nonparty tenants to assert rent-related claims against the receiver in Civil Court; and (5) ordered the receiver to use all funds paid to him for repairs and improvements and to correct housing code violations as soon as practicable, unanimously affirmed, without costs.

Although the building at issue has apparently been sold and a stipulation discharging the receiver is pending in Supreme Court, this appeal presents material issues as to the propriety of certain equitable determinations. These findings were made in an interlocutory order in this mortgage foreclosure proceeding involving a residential building at 118 East 103rd Street in Manhattan.

Given that the receiver had been appointed as an officer of the court to protect and preserve the subject collateral property, the court properly declined to grant the tenants' motion for a 7-A administrator, whose functions, in the circumstances, would have duplicated those entrusted to the receiver (*compare, Bank of Tokyo Trust Co. v Urban Food Malls*, 229 AD2d 14, 28-30 [discussing right of receiver to collect rent subject to the supervisory authority of its appointing court], *with Department of Hous. Preservation & Dev. v Sartor*, 109 AD2d 665 [discussing similar duties of a 7-A administrator]). Further, it was an appropriate exercise of the court's oversight power to approve the receiver's application for a loan of up to $100,000 and to order the receiver to use these funds for repairs and improvements and to correct housing code violations as soon as practicable (*Domansky v Berkovitch*, 259 AD2d 331, 332, *lv dismissed* 93 NY2d 988, quoting *64 B Venture v American Realty Co.*, 194 AD2d 504 ["court 'is vested with inherent plenary power * * * to fashion any remedy necessary for the proper administration of justice' "]).

Because the tenants did not move for leave to intervene in the action (*see,* CPLR 1013), they lack standing to appeal the court's determinations (*see, Weiss v Monaco*, 245 AD2d 443). Further, while in the normal situation of a landlord-tenant dispute, the preferred forum for resolution of warranty of habitability cases is Civil Court (*Cox v J.D. Realty Assocs.*, 217 AD2d 179), here the tenants' claims are brought in the context of a receivership, where different considerations govern abatement determinations (*see, Department of Hous. Preservation & Dev. v Sartor, supra*, at 667). Thus, Civil Court would not be a preferred forum, because the oversight of the actions of a receiver is the sole responsibility of its appointing court, the Supreme Court. Concur—Rosenberger, J. P., Mazzarelli, Ellerin and Friedman, JJ.