■ JUAN LUIS MERCEDES et al., Appellants, v ANTHONY ME-NELLA, Respondent. (And a Third-Party Action.) [827 NYS2d 73]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 4, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint is denied.

According to the infant plaintiff's sister, who allegedly witnessed the subject incident, the infant plaintiff was leaning his right elbow on top of the bathroom sink of his home when it shifted about two inches to the right. In response, the infant plaintiff stepped back, and as he stepped back, he slipped and fell. According to the infant plaintiff's father, before the incident, in response to numerous complaints, three repairs were made to the sink, each of them unsuccessful. One of these repairs allegedly was made by the defendant's representative. At the time of the accident, the premises was the subject of a foreclosure action, and the defendant, as the court-appointed receiver of the premises, retained an agent to manage the premises pursuant to an order of appointment. According to the defendant, based on a prior conversation with the agent, there may have been some defective condition in the plaintiffs' apartment which could have served as a basis for reducing their rent.

The Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismiss-

ing the complaint. In this case, the defendant directed the tenants to attorn to him. As a general matter, "[t]he tenant who has attorned continues to hold upon the same terms as he [or she] held of his [or her] former landlord" (*Austin v Ahearne*, 61 NY 6, 15 [1874]). A receiver in a foreclosure action, therefore, stands in the shoes of the owner, and has a "legal duty to maintain the property in good repair and is liable for damages for the failure to meet that duty" (*Fourth Fed. Sav. Bank v 32-22 Owners Corp.*, 236 AD2d 300, 302 [1997]; *see* General Obligations Law § 9-101). Viewing the evidence in the light most favorable to the nonmoving plaintiffs, and according them the benefit of every favorable inference, the defendant failed to show, prima facie, that he did not assume a duty to repair the detached sink in the plaintiffs' bathroom (*cf. Gelardo v ASMA Realty Corp.*, 137 AD2d 787 [1988]), and that he did not have notice of the alleged defect (*see Center v Hampton Affiliates*, 66 NY2d 782 [1985]; *Christopher S. v Douglaston Club*, 275 AD2d 768 [2000]).

Moreover, the defendant failed to show, prima facie, that the incident did not occur in the manner alleged by the infant plaintiff's sister (*see Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920 [2005]), or that the alleged defective condition of the sink was not a proximate cause of the accident (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]). Florio, J.P., Schmidt, Santucci and Lunn, JJ., concur.