Capital One, N.A. v Banfill (2019 NY Slip Op 08004)





Capital One, N.A. v Banfill


2019 NY Slip Op 08004


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10279 850225/16 520

[*1] Capital One, N.A., successor by merger to ING Bank, FSB, Plaintiff,
v
Andrew Banfill, Defendant-Appellant, National City Bank, et al., Defendants, Board of Managers of the West 110th Street Condominium, Defendant-Respondent.


Richland & Falkowski, PLLC, Astoria (Michal Falkowski of counsel), for appellant.
Armstrong Teasdale LLP, New York (Kenneth H. Amorello of counsel), for respondent.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered December 18, 2018, which granted defendant Board of Managers of the 520 West 110th Street Condominium's motion for the appointment of a temporary receiver to collect reasonable rent from defendant Andrew Banfill for his use and occupancy of his unit during the pendency of this foreclosure action, unanimously affirmed, with costs.
Contrary to defendant Banfill's contention, the Board is not precluded from seeking the appointment of a temporary receiver before answering the complaint (see CPLR 6401).
The motion court's appointment of a temporary receiver in this mortgage foreclosure action was a provident exercise of discretion. Both Real Property Law § 339-aa and the condominium bylaws provide for the appointment of a receiver in a lien foreclosure action to collect the reasonable rent for the use and occupancy of a unit by the defaulting unit owner (see Heywood Condominium v Wozencraft, 148 AD3d 38, 49 [1st Dept 2017], appeal dismissed 29 NY3d 986 [2017]; compare Fairbanks Capital Corp. v Nagel, 289 AD2d 99, 101 [1st Dept 2001] [affirming grant of condominium board's motion for appointment of temporary receiver in mortgage foreclosure action brought by lender against unit owner and board]).
Nor did the Board fail to establish its entitlement to this drastic remedy (see Matter of Armienti & Brooks, 309 AD2d 659, 661 [1st Dept 2003]). It is undisputed that Banfill has not [*2]paid common charges since 2008. The Board submitted evidence establishing that his failure to pay the common charges caused a shortfall in the condominium's monthly income, creating a burden shouldered by the other unit owners.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK