Deutsche Bank Natl. Trust Co. v Marino (2025 NY Slip Op 00374)

Deutsche Bank Natl. Trust Co. v Marino

2025 NY Slip Op 00374

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. 850107/17 Appeal No. 3546 Case No. 2024-02947 

[*1]Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-5, etc., Plaintiff-Respondent,
v
Rose A. Marino, Defendant-Appellant, Amelio P. Marino, et al., Defendants.

Lanin Law P.C., New York (Scott L. Lanin of counsel), for appellant.
Duane Morris LLP, New York (Brett L. Messinger of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered April 14, 2024, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment dismissing defendant's counterclaims and her affirmative defenses sounding in frustration of performance, estoppel, breach of General Business Law § 349, breach of contract, offset, unclean hands, and fraud, unanimously affirmed, without costs.
Defendant failed to raise a triable issue of fact as to any of the referenced defenses to foreclosure (see Marine Midland Bank v Fillippo, 276 AD2d 601 [2d Dept 2000]).
Defendant did not establish that plaintiff or its predecessor lenders or servicers frustrated her performance under the terms of the subject note and mortgage (see Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263, 265 [2004]). While she may have experienced frustration in dealing with various lenders and servicers, she proffers no evidence that they prevented or frustrated her from making payments on the indebtedness or rejected or returned payments (see generally Water St. Dev. Corp. v City of New York, 220 AD2d 289, 290-291 [1st Dept 1995], lv denied 88 NY2d 809 [1996]).
Defendant's claim of estoppel is unsubstantiated. "To establish an estoppel, a party must prove that it relied upon another's actions, its reliance was justifiable, and that, in consequence of such reliance, it prejudicially changed its position" (Town of Hempstead v Incorporated Vil. of Freeport, 15 AD3d 567, 570 [2d Dept 2005], lv denied 5 NY3d 711 [2005]). Here, there is nothing in the record that reflects any representation by plaintiff or its predecessors that would have induced defendant's reliance in obtaining a new modification agreement. There are no representations that plaintiff or its predecessors promised to modify her loan, and to the extent defendant claims that delay in processing her loan modification applications increased her indebtedness, any dispute about the amount owed would be resolved by a referee and does not affect the validity of the mortgage (see Heywood Condominium v Wozencraft, 148 AD3d 38, 46 [1st Dept 2017], appeal dismissed 29 NY3d 986 [2017]; RPAPL 1321). For the same reason, defendant's claim of offset was properly dismissed.
Defendant's claim that plaintiff or its predecessors violated General Business Law § 349 is likewise unavailing. "[A]n act or practice is consumer-oriented when it has a broader impact on consumers at large" (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., 37 NY3d 169, 177 [2021]). Conduct must extend beyond a particular contractual relationship, because "the consumer-oriented element precludes a General Business Law § 349 claim based on private contract disputes, unique to the parties" (id. [internal quotation marks and brackets omitted]). Defendant alleges only purported actions taken against her related to her loan, not actions that were recurring and harmful to the public at large.
Nor has defendant raised any triable issues of fact with respect to her claim that plaintiff or its predecessors breached the terms of the note and mortgage. The correspondence submitted in support of her claim reflects that plaintiff and its predecessors explained changes in monthly payments and provided loan payment histories and escrow statements. The motion court's dismissal of both the breach of contract claim and the breach of the covenant of good faith and fair dealing defense was likewise not in error, as the allegations for each were duplicative and similarly unavailing (see JN Contemporary Art LLC v Phillips Auctioneers LLC, 29 F4th 118, 128 [2d Cir 2023]).
Nor does the defense of unclean hands survive. Even accepting the truth of defendant's allegations, plaintiff was under no obligation to modify the loan or respond to defendant's questions consistent with her time frame, and "there is nothing immoral or unconscionable about its decision to proceed with foreclosure" (Bank of Smithtown v 264 W. 124 LLC, 105 AD3d 468, 469 [1st Dept 2013]; see Malayan Banking Berhad v Park Place Dev. Primary LLC, 226 AD3d 434, 437 [1st Dept 2024]).
Defendant's fraud defense, in which she claims that plaintiff told her that her loan modification would be reviewed, inducing her reliance on a timely response and foreclosing opportunities to obtain other financing, lacks evidentiary support that plaintiff made any specific representations to her in that regard, much less any material misrepresentations of fact, a necessary component of a fraud claim (see Eurycleia Partners LP v Seward & Kissel LLP, 12 NY3d 553, 559 [2009]).
As defendant's counterclaims are largely reflective of her affirmative defenses, they suffer from the same issues, and were also properly dismissed.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025