■ Rony Zodkevitch, M.D., Respondent, et al., Plaintiff, v Igal Feibush et al., Defendants, and Steven Spiegel, Esq., Appellant. (And a Third-Party Action.) [854 NYS2d 373]—

Supreme Court erred in directing appellant to place into an escrow account the funds he allegedly misappropriated since plaintiffs failed to make a clear showing that they would suffer irreparable injury unless that relief were granted, a necessary element on a motion for a preliminary injunction (*see* CPLR 6301; *Matter of Non-Emergency Transporters of N.Y. v Hammons*, 249 AD2d 124, 127 [1998]). Specifically, plaintiffs failed to demonstrate that an award of monetary damages would not adequately compensate them (*see U.S. Re Cos., Inc. v Scheerer*, 41 AD3d 152, 155 [2007]; *ERS Enters. v Empire Holdings*, 286 AD2d 206, 207-208 [2001]; *Non-Emergency Transporters of N.Y.*, *supra*; *cf. Sirius Satellite Radio v Chinatown Apts.*, 303 AD2d 261, 261-262 [2003]). At bottom, plaintiffs seek security for a potential money judgment against appellant, relief that should be sought under CPLR 6201 (attachment). In light of our conclusion that plaintiffs failed to make a clear showing that they would suffer irreparable injury unless appellant were directed to place the funds in escrow, we need not and do not pass on whether plaintiffs established a likelihood of success on the merits and a balancing of the equities in their favor.

With respect to the directive to turn over files, we reject appellant's arguments that the court's prohibition against him holding himself out as the entities' attorney created a retaining lien over the files that did not previously exist and thus could not have been asserted on the original motion. In any event, appellant has turned over copies of his complete legal file to plaintiffs, losing whatever leverage a retaining lien affords a

discharged attorney. Concur—Andrias, J.P., Nardelli, Williams, McGuire and Acosta, JJ.