■ METROPOLITAN STEEL INDUSTRIES, INC., Doing Business as STEELCO, Respondent, v PERINI CORPORATION et al., Appellants. (And a Third-Party Action.) [855 NYS2d 441]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered August 17, 2007, which denied defendants-appellants' motion to vacate the information subpoena and restraining notices served by plaintiff, and for a preliminary injunction enjoining plaintiff from issuing any further restraining notices, unanimously affirmed, with costs. Plaintiff granted leave to

settle a new judgment awarding it the base contract amount of $576,441 plus interest, costs and disbursements, and severing the claim for unpaid extra work.

The court properly denied appellants' motion for a preliminary injunction enjoining respondent from serving further restraining notices since appellants failed to establish a likelihood of success on the merits, irreparable injury absent the grant of injunctive relief, and that the balance of the equities tips in their favor (*OraSure Tech., Inc. v Prestige Brands Holdings, Inc.*, 42 AD3d 348 [2007]). Indeed, on a prior appeal, we affirmed respondent's "entitlement to the contract balance, with prejudgment interest thereon from November 6, 2001" (36 AD3d 568, 569 [2007]). Therefore, appellants could not establish a likelihood of success on the merits of their contention that they do not owe respondent at least $576,441, the contract balance, plus interest. Additionally, the balance of equities does not tip in appellants' favor, as respondent has not been paid the contract balance for over six years. Since appellants failed to establish a likelihood of success on the merits and that the balance of the equities tips in their favor, both necessary elements for preliminary injunctive relief, we need not address the issue of whether they demonstrated that they would sustain irreparable injury absent injunctive relief (*see Zodkevitch v Feibush*, 49 AD3d 424 [2008]).

Furthermore, contrary to appellants' position, they are not entitled to an offset because of an interim payment they made towards respondent's extra work.

In light of the apparent confusion that has resulted during the course of the proceedings and for the sake of clarity, respondent is hereby granted leave to settle a new judgment to the extent indicated.

We have considered appellants' remaining contention and find it without merit. Concur—Saxe, J.P., Sweeny, McGuire and Acosta, JJ. [*See* 2007 NY Slip Op 32545(U).]