■ CAROLYN ROBERTS et al., Respondents, v OCEAN PRIME, LLC, et al., Appellants, et al., Defendant. [49 NYS3d 666]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 21, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for class certification, appointed the named plaintiffs as class representatives, and designated Hunter J. Shkolnik, Brian H. Brick, and Vincent Imbesi as class counsel, unanimously affirmed, without costs.

Plaintiffs seek to represent a class of residential and commercial tenants of a building located in lower Manhattan, which is owned and/or managed by defendants. The complaint alleges that defendants were negligent in failing to properly secure the building prior to Superstorm Sandy and with respect to the remediation efforts following the storm.

The court properly concluded that plaintiffs satisfied the criteria of CPLR 901, and the factors enumerated in CPLR 902 support class certification.

It is undisputed that the building has more than 400 residential apartments above 15 floors of commercial space. Thus, the numerosity requirement is met and joinder of all class members is impracticable (*see Stecko v RLI Ins. Co.*, 121 AD3d 542 [1st Dept 2014]).

The commonality requirement is also satisfied in that the proof at trial will consist of evidence of defendants' efforts to prevent damage in advance of the storm and to repair damage after the storm. Since the class consists of tenants of the building, common questions predominate over individual questions concerning the amount and type of damages sustained by each class member (*see Nawrocki v Proto Constr. & Dev. Corp.*, 82 AD3d 534, 535, 536 [1st Dept 2011]). Any differences in proof with respect to the applicability of the warranty of habitability in Real Property Law § 235-b as between residential tenants and commercial tenants is insufficient to overcome the significant common questions, and the court may, in its discretion, establish subclasses (*see City of New York v Maul*, 14 NY3d 499, 513 [2010]).

The claims of the putative class representatives are typical

of the class's claims since each resides or leases space in the building and their injuries, if any, derive from the same course of conduct by defendants (*see Stecko*, 121 AD3d at 543). Moreover, the record reflects that they are sufficiently informed about the facts, have no conflicts of interest with the class they seek to represent, and are able to act as a check on counsel (*see Borden v 400 E. 55th St. Assoc., L.P.*, 24 NY3d 382, 399-400 [2014]).

The court properly found that the allegations arising from a partnership dispute at one of the firms proposed as class counsel did not implicate the specific attorneys seeking to be appointed class counsel, and the size of the other firm does not suggest that it will be unable to adequately represent the class.

Class action treatment will conserve judicial resources, reduce litigation expenses, and avoid inconsistent outcomes. Any individual that wishes to bring a separate action may opt out of the class.

Plaintiffs' counsel stated that they did not foresee any difficulties in managing the action, and defendants have failed to point to significant potential problems in this regard. Concur— Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.