Diamond v New York City Hous. Auth. (2020 NY Slip Op 00376)





Diamond v New York City Hous. Auth.


2020 NY Slip Op 00376


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


153312/18 -8503 10810

[*1]10810A & A'Seelah Diamond, et al., Plaintiffs-Appellants,
v
New York City Housing Authority, et al., Defendants-Respondents. 
The State of New York, Amicus Curiae.


Willkie Farr & Gallagher LLP, New York (Shaimaa Hussein of counsel), for appellants.
Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for respondents.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for amicus curiae.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered February 28, 2019, dismissing the cause of action for breach of the warranty of habitability, without prejudice, and dismissing the cause of action for injunctive relief, unanimously reversed, on the law and the facts, without costs, the judgment vacated, the cause of action for breach of the warranty of habitability reinstated, and plaintiffs' motion for certification of the "damages class" granted. Appeal from order, same court and Justice, entered February 7, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Unless Congress manifestly and clearly intends to preempt the States' exercise of jurisdiction over matters relating to the welfare of their citizens under the Supremacy Clause of article VI of the Constitution, the States' police powers are not superseded by federal law. A federal law can preempt a State or local law in three ways: (1) by an express provision in the federal statute; (2) by inference, where the federal scheme is so pervasive and the character and obligations imposed leave no room for the State or local government to legislate; and (3) to the extent that the State or local law actually conflicts with the federal law, for example, where compliance with both is impossible or where adherence to the State or local law would thwart the objectives of the federal law (see City of New York v Job-Lot Pushcart, 88 NY2d 163, 166-167 [1996], cert denied sub nom JA-RU v City of New York, 519 US 871 [1996]).
The motion court correctly concluded that the injunctive relief sought by plaintiffs conflicted with the administrative agreement, which empowered a Monitor to oversee and work with NYCHA and coordinate and consult with HUD and the US Attorney, to correct deficiencies in NYCHA's facilities. Requiring NYCHA to devise and implement a plan to remediate the heat and hot water problems and report to plaintiffs would interfere with the powers and discretion of the Monitor to direct and oversee NYCHA's compliance with HUD regulations.
Plaintiffs and amicus assert that there is no actual conflict between the proposed injunctive relief and the administrative agreement because the goals are the same. However, even if the goals of the federal and state law are the same, a state law may be preempted if it interferes with the methods by which the federal statute was designed to reach that goal (see Guice v Charles Schwab & Co., 89 NY2d 31, 33 [1996], cert denied 520 US 1118 [1997]). Here, the administrative agreement provided a specific structure and method for reaching the goal of compliance with health and safety requirements. The injunctive relief sought by the class would interfere with the powers of the Monitor and the program mandated by the administrative agreement.
Plaintiffs and amicus assert that paragraph 105 of the administrative agreement expressly preserved their right to bring the instant action. Paragraph 105 stated that the administrative agreement did not limit the rights of non-parties to bring claims against NYCHA, except as otherwise provided by law. Here, the law relating to preemption provides otherwise (see 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 164 AD3d 411, 414 [1st Dept 2018]).
However, the court erred in declining to certify the damages class in that common questions of law and fact predominate in connection with plaintiffs' damages and declaratory judgment claims.
Commonality cannot be determined by an mechanical test, and fact questions pertaining to individual class members may remain after resolution of common questions, but this is not fatal to class action status (see City of New York v Maul, 14 NY3d 499, 514 [2010]).
The class action statute should be liberally construed (see Pruitt v Rockefeller Center Properties, Inc., 167 AD2d 14, 21 [1991]).
In order to prove a claim for breach of the warranty of habitability, plaintiffs must show the extensiveness of the breach, the manner in which it affected the health, welfare or safety of the tenants, and the measures taken by the landlord to alleviate the violation (see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 328 [1979], cert denied 444 US 992 [1979]).
NYCHA conceded that 80% of its housing units experienced heat and/or hot water outages during the relevant period, which demonstrates that the problems that affected each class member were system-wide. Thus, much of the proof will likely concern NYCHA's overall deficiencies, rather than the breakdown of
individual heating systems in individual buildings. The need to conduct individualized damages inquiries does not prevent class certification as long as common issues of liability predominate (see Borden v 400 E. 55th St. Assoc., L. P., 105 AD3d 630, 631 [1st Dept 2013]).
In any event, the heating systems that failed served multiple housing units, and proof of NYCHA's efforts to repair each system will be common to numerous class members. In order to address any concerns with the size or disparity of the class, the court can designate subclasses consisting of tenants of a particular NYCHA complex, development or building (see Roberts v Ocean Prime, LLC, 148 AD3d 525 [1st Dept 2017]).
Moreover, class action treatment is the most efficient method for adjudicating the claims of class members who lack the resources to bring individual actions for the small recovery they might obtain (see Weinberg v Hertz Corp., 116 AD2d 1, 7 [1st Dept 1986], affd 69 NY2d 979 [1987]).
M—8503 - Diamond v New York City Housing Authority
Motion to file amicus curiae brief granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK