Mid Is. LP v Hess Corp. (2020 NY Slip Op 03270)





Mid Is. LP v Hess Corp.


2020 NY Slip Op 03270


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


11626 650911/13

[*1] Mid Island LP, doing business as, Madison Management of Queens, et al., Plaintiffs-Respondents,
v
Hess Corporation, Defendant-Appellant.


White & Case LLP, New York (Kimberly A. Havlin of counsel), for appellant.
Grossman LLP, New York (Judd B. Grossman of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered May 10, 2019, which granted plaintiffs' motion for class certification, unanimously reversed, on the law and the facts, without costs, the motion denied, and the class decertified, without prejudice to renewal upon evidence sufficient to establish numerosity of the proposed class.
The gravamen of plaintiffs' claim, and that for which they seek class certification, is that defendant provided them and others similarly situated "with inferior, adulterated heating oil, i.e. that the fuel oil that was delivered to them contained oils of lesser value mixed into the ordered grade of fuel oil, so that the delivered product did not meet the standards of the parties' contracts" (BMW Group LLC v Castle Oil Corp., 139 AD3d 78, 80 [1st Dept 2016]). Contrary to defendant's contention, this is the predominant question of law and fact in this case, and it is common among the class. In any event, "the fact that questions peculiar to each individual may remain after resolution of the common questions is not fatal to the class action" (City of New York v Maul, 14 NY3d 499, 514 [2010] [internal quotation marks omitted]; see Maddicks v Big City Props., LLC, 34 NY3d 116, 125 [2019]). Moreover, "CPLR article 9 affords the trial court considerable flexibility in overseeing a class action," and the court could even "decertify the class at any time before a decision on the merits if it becomes apparent that class treatment is inappropriate" (Maul, 14 NY3d at 513-514). Supreme Court is more than able to recognize if its class certification becomes unduly cumbersome, and, if so, how best to fashion a remedy.
Nevertheless, "[t]he proponent of class certification bears the burden of establishing the criteria promulgated by CPLR 901(a) and must do so by the tender of evidence in admissible form" (Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422 [1st Dept 2010] [internal citations omitted]; see Feder v Staten Is. Hosp., 304 AD2d 470, 471 [1st Dept 2003]). Here, plaintiffs failed to submit admissible evidence demonstrating that the numerosity prerequisite to class certification was satisfied. However, the record suggests that such evidence is in plaintiffs' possession but simply was not submitted in connection with their motion. Accordingly, plaintiffs [*2]are given leave to renew their motion for class certification, upon admissible evidence providing a sufficient basis for determining the size of the potential class.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK