Lehman Bros. Bank v Hickson (2020 NY Slip Op 04932)





Lehman Bros. Bank v Hickson


2020 NY Slip Op 04932


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-05031
 (Index No. 29272/07)

[*1]Lehman Brothers Bank, plaintiff,
v
Cassandra Hickson, respondent, et al., defendants, VVS1 Corp., nonparty-appellant.


Law Offices of Michael B. Wolk, P.C., New York, NY, for nonparty-appellant.
Berg & David, PLLC, Brooklyn, NY (Shane Wax and Abraham David of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty VVS1 Corp., as successor-in-interest to the plaintiff, appeals, by permission, from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated April 24, 2017. The order, made after a hearing to determine the validity of service of process, insofar as appealed from, granted those branches of the motion of the defendant Cassandra Hickson which were pursuant to CPLR 5015(a)(4) to vacate so much of a judgment of foreclosure and sale of the same court dated July 21, 2016, issued upon her default, as was against her, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and, sua sponte, vacated so much of the judgment of foreclosure and sale as was against the remaining defendants and directed the dismissal of the complaint insofar as asserted against the remaining defendants.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, vacated so much of the judgment of foreclosure and sale as was against the defendants other than the defendant Cassandra Hickson is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof, sua sponte, vacating so much of the judgment of foreclosure and sale as was against the defendants other than Cassandra Hickson and directing the dismissal of the complaint insofar as asserted against those defendants; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In August 2007, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Brooklyn. On July 21, 2016, upon the default of all defendants in answering the complaint, the Supreme Court issued a judgment of foreclosure and sale, inter alia, directing the sale of the subject property. Thereafter, the defendant Cassandra Hickson moved, among other things, pursuant to CPLR 5015(a)(4) to vacate so much of the judgment of foreclosure and sale as was against her and pursuant to CPLR 3211(a)(8) to dismiss the complaint [*2]insofar as asserted against her, arguing that she was never served with process and that the court lacked personal jurisdiction over her. Nonparty VVS1 Corp. (hereinafter VVS1), as successor-in-interest to the plaintiff, opposed the motion. In an order dated February 23, 2017, the court, inter alia, determined that a hearing was required on the issue of whether service was properly effectuated upon Hickson. VVS1 failed to produce the process server at the hearing, and in an order dated April 24, 2017, the court granted those branches of Hickson's motion which were pursuant to CPLR 5015(a)(4) to vacate so much of the judgment of foreclosure and sale as was against her and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her. The court also, sua sponte, vacated so much of the judgment of foreclosure and sale as was against the remaining defendants and directed dismissal of the complaint insofar as asserted against the remaining defendants for lack of personal jurisdiction.
By decision and order dated May 23, 2017, this Court granted that branch of VVS1's motion which was for leave to appeal from so much of the order as, sua sponte, directed the dismissal of the complaint insofar as asserted against all of the defendants except Hickson.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (JP Morgan Chase Bank, N.A. v Laszlo, 169 AD3d 885, 887 [internal quotation marks omitted]). "[T]he defense of lack of jurisdiction based on improper service is personal in nature and may only be raised by the party improperly served'" (Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712, 714, quoting IMC Mtge. Co. v Vetere, 142 AD3d 954, 955; see CPLR 5015[a][4]). Here, Hickson was the only defendant who moved to vacate the judgment of foreclosure and sale and to dismiss the complaint for lack of personal jurisdiction. Accordingly, under the circumstances of this case, the Supreme Court had no basis to, sua sponte, vacate so much of the judgment of foreclosure and sale as was against the defendants other than Hickson and to direct the dismissal of the complaint insofar as asserted against those defendants for lack personal jurisdiction.
Contrary to VVS1's contention, Hickson was not required to testify at the hearing to establish that jurisdiction over her was obtained by proper service of process. It is the plaintiff that bears the burden at the hearing to establish by a preponderance of the evidence that personal jurisdiction was acquired over the defendant (see Aurora Loan Servs., LLC v Gaines, 104 AD3d 885, 886). Here, the transcript of the hearing reflects that VVS1 failed to satisfy its burden as it did not present any evidence or testimony whatsoever.
VVS1's contention that Hickson did not have standing to challenge the judgment of foreclosure and sale because she was not the fee owner of the property, having allegedly conveyed her interest in a short sale, was improperly raised for the first time in sur-reply papers, and therefore has not been considered on this appeal (see Zhuoya Luo v Wensheng Wang, 176 AD3d 1016).
VVS1's remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
Accordingly, we agree with the Supreme Court's determination to grant those branches of Hickson's motion which were pursuant to CPLR 5015(a)(4) to vacate so much of the judgment of foreclosure and sale as was against her and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court