Janet Transit, Inc. v Mott Haven Improvement Group LP (2024 NY Slip Op 05023)

Janet Transit, Inc. v Mott Haven Improvement Group LP

2024 NY Slip Op 05023

Decided on October 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Index No. 804743/23 Appeal No. 2786 Case No. 2023-02473 

[*1]Janet Transit, Inc., et al., Plaintiffs-Appellants,
v
Mott Haven Improvement Group LP, Defendant-Respondent.

Oquendo Deraco PLLC, New York (Ricardo E. Oquendo of counsel), for appellants.
Hinshaw & Culbertson LLP, New York (Karena J. Straub of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered April 20, 2023, which denied plaintiffs' motion for a preliminary injunction pursuant to CPLR 6301, unanimously affirmed.
Supreme Court providently exercised its discretion in denying the motion for a preliminary injunction pursuant to CPLR 6301, as plaintiffs were unable to demonstrate a likelihood of success on the merits (see After Six v 201 E. 66th St. Assoc., 87 AD2d 153, 155 [1st Dept 1982], appeal dismissed 57 NY2d 835 [1982]). In Janet Tr., Inc. v Mott Haven Improvement Group LP. (223 AD3d 525, 525 [1st Dept 2024]), this Court previously found that plaintiffs failed to prove a likelihood of success on the merits; the new arguments raised on this appeal do not change that result.
Plaintiffs contend that they are "interested persons" (CPLR 7802[d]) and, therefore, have standing to seek vacatur of the November 29, 2022 order which granted defendant's CPLR article 78 petition to direct the Bronx County Clerk's Office to accept the joint affidavits for judgment by confession for filing under an amended caption reflecting defendant as assignee. None of the statutory grounds for vacatur are applicable here (CPLR 5015[a]). Plaintiffs signed the joint affidavits of confession on December 19, 2019, that became subject to entry upon an event of default under the subject loans. Plaintiffs consented to the future assignment of the loans, and expressly permitted submission for entry of judgment without any notice. Plaintiffs' rights under the joint affidavits were not affected by the November 29 order. Equally unavailing is plaintiffs' claim that defendant failed to serve the New York State Attorney General, a claim personal in nature to that entity, and therefore, the "article 78 judgments" should be vacated (see Lehman Bros. Bank v Hickson, 186 AD3d 1348, 1350 [2d Dept 2020]).
Because plaintiffs failed to demonstrate before Supreme Court a likelihood of success on the merits, the court did not need to address whether they demonstrated irreparable injury without injunctive relief or whether the balance of the equities tips in their favor (see e.g. Metropolitan Steel Indus., Inc. v Perini Corp., 50 AD3d 321, 322 [1st Dept 2008]). In any event, plaintiffs' remaining arguments do not meet the high standard necessary for a preliminary injunction.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2024