Bykovtseva v DTH Capital, Inc. (2025 NY Slip Op 03528)

Bykovtseva v DTH Capital, Inc.

2025 NY Slip Op 03528

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Index No. 151838/22|Appeal No. 4558-M-2358|Case No. 2024-07606|

[*1]Alina Bykovtseva, et al., Plaintiffs-Respondents,
v
DTH Capital, Inc., et al., Defendants-Appellants.

Feuerstein Kulick LLP, New York (David Feuerstein of counsel), for appellants.
Lee Litigation Group, PLLC, New York (C.K. Lee of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 21, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to certify a proposed class and appoint Alina Bykovtseva, James Lukezic, and Yushuyan Hao as representatives of the class and Lee Litigation Group as class counsel, unanimously modified, on the law, to deny class action certification as against DTH Capital, Inc. and DTH Partners, LLC (the DTH defendants), and otherwise affirmed, without costs.
This action stems from the limited and/or unreliable elevator service at a 55-story high rise building located at 20 Exchange Place. Defendant RBNB 20 Owner, LLC (RBNB) is the building's landlord and owner. With certain exclusions, the class consists of all persons who owed rent to defendants for apartments between the 16th and 55th floors of the building between November 2021 and May 2022.
The motion court providently exercised its discretion in granting plaintiffs' motion for class certification, as plaintiffs demonstrated that all of the requisite elements for class action treatment under CPLR 901(a) and 902 were met. Plaintiffs established that they had standing to assert their breach of warranty of habitability claims against RBNB, the counterparty on the leases, and their affidavits showed that they were damaged by the continuing elevator disruptions in the building (see Diamond v New York City Hous. Auth., 179 AD3d 525, 527 [1st Dept 2020]).
Plaintiffs' standing to sue RBNB rests on Real Property Law § 235-b, which provides that in any "written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety."
Generally, a predicate for the applicability of Real Property Law § 235-b is the existence of a lease between the parties (see e.g. Calderon v Kenga Roo Realty LLC, 171 AD3d 515, 516 [1st Dept 2019]; Adler v Ogden CAP Props., LLC, 42 Misc 3d 613, 622 [Sup Ct NY County 2013], affd on other grounds 126 AD3d 544 [1st Dept 2015]).
We have also held that under certain factual circumstances, even a nonparty to a lease may be deemed a landlord and be subject to Real Property Law § 235-b (see Department of Hous. Preserv. & Dev. of City of N.Y. v Sartor, 109 AD2d 665, 666 [1st Dept 1985] [7-A administrator retained a percentage of the rents collected]).
Here, even on this supplemented record, we find the motion court erred in holding that plaintiffs have standing to sue the DTH defendants on this claim because they failed to meet their required evidentiary burden to establish this criterion (see Mid Is[*2]. LP v Hess Corp., 184 AD3d 439, 439 [1st Dept 2020]). It is true that the DTH defendants are "corporate affiliates" of RBNB. Yet, plaintiffs presented no admissible evidence that there was a landlord-tenant relationship between the putative class and these entities, i.e., the direct payment and collection of rent or any portion thereof (Sartor, 109 AD2d at 666-667).
Regarding the other CPLR 901(a) criteria, plaintiffs have demonstrated that common questions of law and fact predominate over individual issues. The proof at trial will consist of evidence of the elevator disruptions and defendants' efforts to address them. Because the class consists of certain residents of the building, common questions predominate over individual questions concerning the amount and type of damages sustained by each class member (see Roberts v Ocean Prime, LLC, 148 AD3d 525, 525 [1st Dept 2017]). As each of the named plaintiffs were tenants of the building on the stated floors, their claims are typical of the claims of the class members and derive from the same alleged course of conduct by defendants (id. at 525-526). Issues concerning whether and when class members vacated the building, accepted rent abatements or other accommodations provided by defendants, or have unpaid arrears, only impact the calculation of damages as to the individual class member, which does not defeat the commonality requirement (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399 [2014]).
We have considered defendants' remaining arguments and find them unavailing. M-2025-02358 — Alina Bykovtseva, et al. v DTH Capital, Inc., et al.
Motion to supplement the record, granted. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025