Matter of Wallace v Foundation Group LLC (2026 NY Slip Op 00312)

Matter of Wallace v Foundation Group LLC

2026 NY Slip Op 00312

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 654044/21|Appeal No. 5655|Case No. 2025-02010|

[*1]In the Matter of Katie Maloney Wallace, Petitioner-Appellant,
vFoundation Group LLC, Respondent-Respondent.

Felicello Law P.C., New York (Rosanne Elena Felicello of counsel), for appellant.
Barnes & Thornburg LLP, New York (Joseph A. Matteo of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about March 24, 2025, which, to the extent appealed from, denied the petition to vacate in part an arbitration award and a supplemental award and granted respondent's cross-motion to confirm the arbitration awards, unanimously affirmed, without costs.
Petitioner was employed by respondent subject to a written employment agreement containing a mandatory arbitration clause. Respondent terminated petitioner and shortly thereafter, petitioner commenced the underlying arbitration proceeding alleging gender discrimination under the New York City Human Rights Law (NYCHRL) and unpaid wages under the New York Labor Law. The arbitrator ultimately issued a written award and supplemental award denying petitioner's employment discrimination claim, finding in petitioner's favor on her unpaid wages claim, awarding attorneys' fees in connection with the wage claim, and denying attorneys' fees for the discrimination claim.
Petitioner failed to establish any of the limited statutory bases for vacating an arbitration award under CPLR 7511(b). Petitioner's contention that the arbitrator violated a strong public policy by providing a consolidated written analysis of the discrimination claims applying the shifting burden of persuasion test, in lieu of providing a separate analysis under the NYCHRL's more protective legal standard, is unavailing. A public policy vacatur requires a showing that the award contravenes a well-defined principle. Here, the arbitration awards reflect the arbitrator's assessment of credibility, causation, relevant legal principles, and the full evidentiary record (see e.g. New York City Tr. Auth. v Phillips, 162 AD3d 93, 99 [1st Dept 2018], lv dismissed 31 NY3d 1139 [2018]).
Nor did the arbitrator exceed her power under CPLR 7511 or the Federal Arbitration Act. "[A]n arbitrator exceeds [her] powers only when [she] ignores specific limitations on the powers delegated to [her] in the arbitration clause or [she] gives a completely irrational construction to the provisions of the parties' agreement, thereby effectively rewriting it" (Fishman v Roxanne Mgt., 24 AD3d 365, 366 [1st Dept 2005] [internal quotation marks omitted]). Nothing in the record indicates the arbitrator "effectively rewrote" the parties' employment agreement.
Petitioner's arguments of "manifest disregard of the law" are similarly unavailing (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480-481 [2006]; Matter of Nexia Health Tech., Inc. v. Miratech, Inc., 176 AD3d 589, 590—591 [1st Dept 2019]). The arbitrator evaluated the evidence and concluded in two written decisions that petitioner failed to meet her burden on her employment discrimination claim under any statutory framework.
Finally, Supreme Court properly upheld the attorneys' fees determination. Because petitioner prevailed only on her unpaid wage claim, the arbitrator acted within her discretion in awarding fees limited to that claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026