Carrasquillo v 303 W. 122nd St. Hous. Dev. Fund Corp. (2026 NY Slip Op 00312)

Carrasquillo v 303 W. 122nd St. Hous. Dev. Fund Corp.

2026 NY Slip Op 00312

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Index No. 153587/24|Appeal No. 5658|Case No. 2024-07089|

[*1]Lissie Carrasquillo, Plaintiff-Appellant,
v303 West 122nd Street Housing Development Fund Corporation et al., Defendants-Respondents.

Law Office of Richard B. Zarco, P.C., New York (Richard B. Zarco of counsel), for appellant.
Offit Kurman, P.A., New York (Eric J. Lanter of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Khan, III, J.), entered October 15, 2024, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.
Supreme Court did not abuse its discretion in denying the motion for a preliminary injunction, as plaintiff was unable to demonstrate a likelihood of success on the merits (CPLR 6301; see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; Janet Transit, Inc. v Mott Haven Improvement Group LP, 231 AD3d 516, 516-17 [1st Dept 2024]; Borenstein v Rochel Props., 176 AD2d 171, 172 [1st Dept 1991]). "In order to prove a claim for breach of the warranty of habitability, plaintiffs must show the extensiveness of the breach, the manner in which it affected the health, welfare or safety of the tenants, and the measures taken by the landlord to alleviate the violation" (Diamond v New York City Hous. Auth., 179 AD3d 525, 527 [1st Dept 2020]). Applying those factors, we find that plaintiff failed to demonstrate that defendants breached the warranty of habitability. The cited violations were largely corrected, and plaintiff failed to give access to her unit to make other repairs, including installation of her stove. Nor was the notice to cure defective, as it contained a good faith accounting of total maintenance due; described the period that defendant alleges she was in default; provided instructions for how to cure; and explained the consequences for noncompliance (see Filmtrucks, Inc. v Express Indus. & Term. Corp., 127 AD2d 509, 510 [1st Dept 1987] ["[t]he purpose of a notice to cure is to specifically apprise the tenant of claimed defaults in its obligations under the lease and of the forfeiture and termination of the lease if the claimed default is not cured within a set period of time"]).
Once the court found that plaintiff failed to demonstrate a likelihood of success on the merits, it did not need to address whether she demonstrated irreparable injury or whether the balance of the equities tips in her favor (see Metropolitan Steel Indus., Inc. v Perini Corp., 50 AD3d 321, 322 [1st Dept 2008]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026